UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHONICE G. GARNETT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> LAURA ZEILINGER, <br><br> Defendant. | Civil Action No. 17-1757 (CRC) |

### DEFENDANT'S STATUS REPORT

### INTRODUCTION

The District of Columbia (the District) has agreed to provide plaintiffs with the revised FNS-366B report for Quarter 4 of Fiscal Year 2017 (FY2017), the most recent report on the timeliness of its processing of Supplemental Nutrition Assistance Program (SNAP) applications and recertifications, which covers July through September 2017. The District also agreed to provide copies of the revised FNS-366B reports for Quarters 1 through 3 of FY2017 and the FNS-366B report for the first quarter of Fiscal Year 2018 (FY2018), upon submission to the USDA Food and Nutrition Service (FNS). By December 13, 2017, the District intends to produce to plaintiffs the revised FNS-366B reports for Quarters 1 through 4 of FY2017.

### BACKGROUND

At the December 1, 2017 status hearing, the Court inquired regarding the most current timeliness data in plaintiffs' possession and plaintiffs responded that they had data through March 2017. This presumably referred to the March 23, 2017 letter

from FNS to the District, describing the conclusions of FNS's "targeted review of the … [public benefits] eligibility system: District of Columbia Access System (DCAS) … conducted … during the week of December 12, 2016." (ECF No. 24-9 at 2; *see also* ECF No. 31-1 ¶¶ 117-27.) The Court noted that plaintiffs' pending motion for preliminary injunction relies on the FNS-366B report for the first quarter of FY2017, reflecting data from October to December 2016 (*see* ECF No. 31 at 13), which the District noted is out-of-date. The Court indicated that it could not decide the merits of plaintiffs' motion for preliminary injunction based on data a year old and asked the District if it could provide plaintiffs with the most recent data.

The Court entered a Minute Order following the hearing, stating that "the parties are encouraged to meet and confer regarding the most current available data on the timeliness of ESA's processing of SNAP applications." (Dec. 1, 2017 Minute Order.) The Court noted that "[a]fter any such consultations, the parties shall, by December 8, 2017, notify the Court whether proceedings in the case should be stayed to allow for further discussions regarding settlement and/or narrowing of the disputed issues." (*Id.*)

## THE PARTIES' MEET-AND-CONFER

Following issuance of the Minute Order, plaintiffs' counsel emailed the District requesting "data for the months of July, August, and September 2017 showing the number and percentage of initial applications timely processed and for which eligible households receive benefits timely, broken down by whether the application is entitled to expedited processing or not." (Ex. A at 5, Dec. 1, 2017 Email from Chinh

Le.) Plaintiffs' counsel stated that "[f]or those applications not processed timely, [plaintiffs] seek the number of days for which the application processing is untimely, … [together with] reports that track the timeliness of recertification applications for those cases where the certification period ended in the months of July, August, and September 2017 … [and] data Defendant has relating to the September and October 2017 'error[s]' or 'glitch[es]' that led to recertification notices not being mailed to thousands of households." (*Id.*) Plaintiffs also asked for the District's "assistance in interpreting the reports," requesting a "data dictionary" and access to District employees "to help walk [plaintiffs] through the reports and answer questions [plaintiffs] may have." (*Id.*) Finally, plaintiffs revealed that they have the District's FNS-366B reports for the first three quarters of FY2017. (*Id.*)

Counsel for the District responded by email on December 5, 2017, stating that the District is willing to provide a copy of the FNS-366B report for Quarter 4 of FY2017. (Ex. A at 2, Dec. 5, 2017 Email from Fernando Amarillas.) The FNS-366B shows the total number of initial applications and recertifications, including those entitled to expedited review, and how many were untimely for up to 30, 60, 90, or more days. The District also agreed to provide copies of the revised FNS-366B reports for Quarters 1 through 3 of FY2017. (*Id.*) The District further noted its objection to producing additional data or reports, a data dictionary, or providing access to District employees or other information to assist plaintiffs in the interpretation of data. (*Id.*)

The Parties participated in a telephonic meet-and-confer on December 6, 2017. The District once again agreed to produce the most recent FNS-366B report and the

3

revised reports for Quarters 1 through 3 of FY2017. As noted above, the most recent FNS-366B report covers July through September of 2017, meaning it includes data up to and beyond the date plaintiffs filed their motion for preliminary injunction. In addition, these are the months for which plaintiffs sought data in their December 1, 2017 email to the District. (Ex. A at 5.) During the meet-and-confer, the District also agreed to provide plaintiffs the FNS-366B report for the first quarter of FY2018, covering October through December of 2017, upon submission to FNS. Plaintiffs inquired regarding the availability of additional reports, including internal timeliness data for the months of October and November 2017. The District stated that this information would be reflected in the FNS-366B report for the first quarter of FY2018. Plaintiffs repeated their request for additional reports and "assistance in interpreting the reports," and asked whether the District would provide information on the "error" and "technical issue" referenced in plaintiffs' motion for expedited discovery. The District explained to plaintiffs that, although it maintains the objections previously stated and will not agree to open-ended, broad, and yet to be determined inquiries, it would consider narrowly-tailored requests for specific information. As of this filing, plaintiffs have not provided any specific requests.

## CONCLUSION

The District does not believe this case should be stayed to allow for discussions regarding settlement or narrowing of disputed issues. The District will provide plaintiffs with the revised FNS-366B report for Quarter 4 of FY2017, the most recent report on the timeliness of its processing of SNAP applications and recertifications,

which covers July through September 2017, and has agreed to provide the FNS-366B report for the first quarter of FY2018, upon submission to FNS. Plaintiffs should be required to file their replies in support of plaintiffs' motions for injunctive relief and class certification within a reasonable time, and their motion for expedited discovery should be denied.

Dated:  December 8, 2017.              Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

ELIZABETH SARAH GERE
Deputy Attorney General
Public Interest Division

/s/ Toni Michelle Jackson
TONI MICHELLE JACKSON (Bar No. 453765)
Chief, Equity Section

/s/ Fernando Amarillas
FERNANDO AMARILLAS (Bar No. 974858)
ESTHER YONG MCGRAW (Bar No. 988479)
CONRAD Z. RISHER (Bar No. 1044678)
Assistant Attorneys General
441 Fourth Street, N.W., Suite 630 South
Washington, D.C. 20001
Telephone: (202) 442-9887
Facsimile: (202) 730-0646
Email: fernando.amarillas@dc.gov

*Counsel for Defendant Laura Zeilinger*