UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHONICE G. GARNETT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> LAURA ZEILINGER, <br><br> Defendants. | Case No. 17-cv-1757 (CRC) |

## ORDER

Plaintiffs in this putative class action have alleged that Defendant—the Director of the District of Columbia's Department of Human Services, which runs the District's Supplemental Nutrition Assistance Program ("SNAP")—has failed to adhere to statutory requirements for the processing of applications for SNAP benefits and for notifying recipients of the need to recertify their eligibility for benefits. Am. Compl. ¶ 1. Plaintiffs filed a motion for class certification contemporaneous with the filing of their complaint, and moved for a preliminary injunction shortly thereafter. Defendant has filed her oppositions to both motions.

Currently before the Court is Plaintiff's Motion for Expedited Discovery (ECF No. 33). Plaintiffs seek limited, expedited discovery prior to filing their replies. In particular, they request a corporate-representative deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) on four specific topics and related documents under Federal Rule of Civil Procedure 34. See Pls.' Mot. Expedited Disc. at 1–3. Defendant has opposed Plaintiffs' discovery request. The Court held a status conference with the parties on December 11, 2017. At that time, it directed the parties to meet and attempt to narrow the issues raised in the motion for expedited discovery or a preliminary injunction, using the latest available data on the timeliness of the District's processing of SNAP applications and recertification notices. See Minute Order (Dec. 11, 2017).

In light of the parties' failure to reach an agreement or otherwise narrow the issues presented, the Court will now address the pending motion for expedited discovery.

Ordinarily, a party may not seek discovery until the parties have met and conferred following the defendant's response to the complaint—neither of which have occurred yet in this case. Fed. R. Civ. P. 26(d)(1). However, a district court retains "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." Watts v. SEC, 482 F.3d 501, 507 (D.C. Cir. 2007) (citation omitted). As such, a court may order expedited discovery prior to the meet and confer. See Fed. R. Civ. P. 26(d). This expedited discovery may be particularly appropriate in cases "involving requests for a preliminary injunction." Fed. R. Civ. P. 26(d) advisory committee's note to 1993 amendment.

Courts typically apply a "reasonableness" test to determine whether to grant expedited discovery. See, e.g., Attkisson v. Holder, 113 F. Supp. 3d 156, 162 (D.D.C. 2015); Guttenberg v. Emery, 26 F. Supp. 3d 88, 97 (D.D.C. 2014). To determine whether a request is reasonable, courts look to five factors: (1) whether a motion for preliminary injunction is pending, (2) the discovery request's breadth, (3) the purpose for requesting expedited discovery, (4) the burden on the defendant to comply with the requested discovery, and (5) how far in advance of the typical discovery process the request is made. Guttenberg, 26 F. Supp. 3d at 98.[1] Applying this test, the Court will grant Plaintiffs some of the expedited discovery that they seek.

---

[1] Some courts have applied a different test, one first articulated in Notaro v. Koch, 95 F.R.D. 403 (S.D.N.Y. 1982), to determine whether to grant expedited discovery. The Notaro test is akin to the traditional preliminary injunction standard. See Guttenberg, 26 F. Supp. 3d at 97. Neither party appears to argue that the Court should apply the Notaro test. In any event, the Court believes that the reasonableness test is the proper one to apply here for the reasons articulated in cases such as Guttenberg and Merryl Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor, 194 F.R.D. 618 (N.D. Ill. 2000).

The first factor—whether a preliminary injunction is pending—clearly weighs in favor of granting Plaintiffs discovery. Similarly, the third factor weighs in favor of granting the motion: Plaintiffs seek discovery related to factual issues raised by their pending motion for a preliminary injunction. Plaintiffs have argued that Defendant is systematically failing to meet the statutory deadlines for processing SNAP benefit applications and notifying recipients of their need to recertify their eligibility. See Pl.'s Mem. Law Supp. Mot. Prelim. Inj. at 1–2. One of the central pieces of evidence that Plaintiffs rely on is the quarterly report that the District filed with the federal agency that oversees the States' compliance with SNAP—called an "FNS-366B report"—for the first quarter of Fiscal Year 2017. Id. at 10–11. Plaintiffs contend that this report reveals that the District "approved 2,253 (69.15%) of the[] 3,258 [SNAP benefit] applications late." Id. at 11. But in her opposition, Defendant responds that this and subsequent FNS-366B reports are inaccurate and being corrected, Def.'s Opp'n Pls.' Mot. Prelim. Inj. at 14, and counsel for Defendant suggested at the December 11, 2017 status conference that more recent data will show improvements in processing applications and recertification notices. Defendant also contends that the failure of several named plaintiffs to receive a recertification notice was the result of a one-time "vendor's error." Id. at 9, 22.

Given the parties' contentions in their preliminary injunction briefing, expedited discovery "will better enable the court to judge the parties' interests and respective chances for success on the merits." Eduata Corp. v. Sci. Computers., Inc., 599 F. Supp. 1084, 1088 (D. Minn.), aff'd, 746 F.2d 429 (8th Cir. 1984). In order for the Court to determine whether Plaintiffs have a substantial likelihood of success on the merits, it will need to determine to what extent there is a systemic failure by Defendant to meet the relevant statutory deadlines. Defendant's contention that the data in the FNS-366B report is erroneous raises a factual dispute

that the Court will likely need to resolve in order to reach its decision on a preliminary injunction. Similarly, the nature of the vendor error that led to the failure to send out recertification notices—and whether that error has been fixed—is an issue the Court may need to address at this juncture. As such, at least some of the discovery that Plaintiffs seek will bear on the merits of their preliminary injunction motion and will facilitate the Court's resolution of that motion. This purpose of seeking discovery weighs towards granting Plaintiffs' request.

Turning to the second and fourth factors—the breadth of the request and the burden of compliance—Defendant bases her opposition in large part on these factors, contending that Plaintiffs' request is too broad and imposes too great a burden. See Def.'s Opp'n Pls.' Mot. Expedited Disc. at 4–5. The Court agrees that some aspects of Plaintiffs' discovery request appear at first glance to be too broad. For instance, Plaintiffs' document request for all documents related to the processing of SNAP applications and recertification applications sweeps beyond the narrow issues the Court may need to resolve at this juncture and begins to bleed into the overall merits. Such a broad request on issues related to the merits—which also imposes a larger burden on Defendant—suggests that discovery is inappropriate at this stage. Cf. Guttenberg, 26 F. Supp. 3d at 98.

However, the Court is not obligated to grant or deny Plaintiffs' request wholesale. See, e.g., N. Atl. Operating Co. v. Evergreen Distrib., LLC, 293 F.R.D. 363, 371–72 (E.D.N.Y. 2013) (granting part of expedited discovery request but denying portions that were too broad). As discussed above, some of the discovery that Plaintiffs seek—that related specifically to the issue of the errors in the FNS-366B reports and the "vendor error" that Defendant references in her opposition—goes to issues raised by the preliminary injunction motion in particular. As such, the Court will allow Plaintiff some discovery on these topics. This discovery is narrowly tailored

to the issues presented by the preliminary injunction motion and imposes a limited burden on Defendant. Thus, for the portion of Plaintiffs' request the Court will grant—access to the most recent FNS-366B reports and a limited deposition on the reports and the vendor's error—the second and fourth factor weigh in favor of granting Plaintiffs' motion.

  Finally, while the fifth factor—the timing of the request relative to the status of the case—weighs against granting Plaintiffs' request, the Court concludes that for the limited discovery the Court intends to allow this factor is outweighed by the others. In light of the role the limited discovery will play in assisting the Court in resolving the pending motion for preliminary injunction, it is reasonable to partially grant Plaintiffs' request despite the early phase of this case.

* * *

For the foregoing reasons, it is hereby

**ORDERED** that [33] Plaintiffs' Motion for Expedited Discovery and for a Temporary Stay of Deadlines is GRANTED IN PART and DENIED IN PART.  Defendant must produce to Plaintiffs by December 19, 2017, the revised FNS-366B reports for Quarters 1 through 3 of Fiscal Year 2017 and the FNS-366B report for Quarter 1 of Fiscal Year 2018 upon submission to the USDA Food and Nutrition Services.  In addition, Plaintiffs may conduct one four-hour corporate representative deposition under Federal Rule of Civil Procedure 30(b)(6) solely on the topics of (1) the process for compiling the FNS-366B reports, (2) the revisions made to the Fiscal Year 2017 reports, (3) the bases for these revisions, and (4) the "vendor error" referenced on pages 9 and 22 of Defendant's opposition.  The remaining discovery requests are denied.  Plaintiffs shall conduct their deposition by January 19, 2018, and Plaintiffs' replies to Defendant's oppositions shall be due by February 2, 2018.  Defendant may file a surreply to Plaintiffs' reply in support of their motion for a preliminary injunction by February 9, 2018.

**SO ORDERED**.

CHRISTOPHER R. COOPER
United States District Judge

Date:  December 15, 2017