# Re: Garnett et al. v. Zeilinger, 1:17-cv-01757 - Meet and Confer Follow Up

**Jennifer Mezey** <jmezey@legalaiddc.org>

Mon 7/2/2018 2:19 PM

To: Risher, Conrad (OAG) <conrad.risher@dc.gov>;

Cc: Chinh Le <cle@legalaiddc.org>; Amarillas, Fernando (OAG) <fernando.amarillas@dc.gov>; Krupke, Jessica (OAG) <jessica.krupke@dc.gov>; Montee, Amanda (OAG) <amanda.montee@dc.gov>; Bisio, Peter R. <peter.bisio@hoganlovells.com>; Marc Cohan <cohan@nclej.org>; Gina Mannix <mannix@nclej.org>; Travis England <england@nclej.org>; Katharine Deabler <deabler@nclej.org>; Musser, Susan A. <susan.musser@hoganlovells.com>; Kaitlin E. Welborn <kaitlin.welborn@hoganlovells.com>; Goldman, Emily <emily.goldman@hoganlovells.com>; Murashige, Lance Y. <lance.murashige@hoganlovells.com>; Chelsea Sharon <csharon@legalaiddc.org>; Harmony Jones <hjones@legalaiddc.org>;

Good afternoon, Conrad.  Chinh is out of the office so I am responding in his place.

Thank you for sending the District's response to our email from last week.  We will aim to get you our response/proposed report by first thing tomorrow morning at the latest.

Additionally, we wanted to respond to your response to our questions 4 and 5.  Data concerning the timeliness of pending applications is critical to assessing the Defendant's timely processing of SNAP applications because the proposed monitoring format captures only those applications actually processed in the reporting period (whether it is a month or a quarter). Thus, it is possible for the data reported to show high percentages of timely processing since the data would reflect only those applications that the Defendant process expeditiously (presumably the easier applications) while the more difficult applications remain pending at the end of the reporting period. If those more difficult applications are not processed for months or never processed at all, the reporting would not pick up the length of delay or the fact that some applications were never processed. Hence, tracking pending applications is a necessary element to assure that timely processing is tracked.

Please let us know your response to the above explanation as soon as possible, and we will incorporate that into our proposed joint status report.

Thank you.

Jennifer

**Jennifer Mezey** | Supervising Attorney, Public Benefits
**Legal Aid Society of the District of Columbia**
1331 H Street, NW | Suite 350
Washington, DC 20005 | www.LegalAidDC.org
P: (202) 661-5962 | F: (202) 727-2132

Preferred Pronouns: she/her/hers

Visit Our Blog at *MakingJusticeReal.org*

Exhibit C

This message and any attachments may be protected by the attorney-client privilege, work product doctrine or other applicable protection. If you are not the intended recipient or have received this message in error, please notify the sender and promptly delete the message. Thank you.

On Mon, Jul 2, 2018 at 10:26 AM Risher, Conrad (OAG) <conrad.risher@dc.gov> wrote:

> Counsel:
>
> As to plaintiffs' first six points, it appears all can be summarized as saying the District's reporting to the Court will follow the guidance of FNS. For the plaintiffs' proposed reporting, the District is generally able to accommodate what plaintiffs propose but some of plaintiffs' proposals ask for data that does not exist, or is not required by federal law, regulations, or guidance. The District also continues to believe quarterly reporting to the Court would be the appropriate interval. The District responds to plaintiffs' points in order.
>
> 1. **As to decisions on initial applications subject to 30 day processing:**
>    a. the total number of decisions made in the month, broken out by application approvals and denials;
>
>       The District is willing to report each quarter on the number of applications approved and denied in each month of the quarter. This could, however, require creation of a new report, and the Court expressed a disinclination to require this.
>
>    b. the total number of "timely denials" and the total number of "timely application approvals" (As defined in our proposed order);
>
>       The District is willing to report each quarter on the number of timely application approvals. As discussed in the District's response to plaintiffs' proposed order, plaintiffs' attempt to separate denials from approvals on timeliness is misguided; there is no such thing as an "untimely denial."
>
>    c. as to untimely application approvals, the number of days by which such decisions were untimely, broken out in 10 day intervals (e.g. 1-20 days late; 11-20 days late, etc.);
>
>       The District is willing to report each quarter on the number of untimely initial application approvals in the FNS-approved 30-day intervals, not the 10-day intervals plaintiffs propose.
>
>    d. as to untimely application denials, the number of days by which such decisions were untimely, broken out in 10 day intervals (e.g. 1-20 days late; 11-20 days late, etc.); and
>
>       *See* response to 1.b.
>
>    e. the percentage of timely decisions (total timely application approvals plus total timely denials divided by the total number of application approvals and denials), rounded to the first decimal point (e.g. 90.26% is rounded to 90.3%).
>
>       This is unnecessary.

2. As to initial application decisions on applications eligible for expedited processing ("7-day approvals"):

    a. the total number of timely 7-day approvals and the total number of untimely 7-day approvals;

    > The District is willing to report each quarter on the number of applications approved and denied in a month, including how many are approved timely. *See* 1.b.

    b. as to untimely 7-day approvals, the number of days by which such decisions were untimely, broken out in 10 day intervals (e.g. 1- 10 days late, 11-20 days late, etc.); and

    > The District is willing to report each quarter on the number of untimely expedited initial application approvals in the FNS-approved 30-day intervals, not the 10-day intervals plaintiffs propose.

    c. the percentage of timely 7-day approvals (total number of timely 7 day approvals divided by total number of 7-day approvals), rounded to the first decimal point (e.g. 90.26% is rounded to 90.3%).

    > This is unnecessary.

3. As to decisions on recertification applications:

    a. the total number of decisions, broken out by recertification application approvals and "recertification application denials" (as defined in our proposed order);

    > The District is willing to report each quarter on the number of recertifications approved and denied in each month of the quarter. This could, however, require creation of a new report, and the Court expressed a disinclination to require this.

    b. the total number of "timely recertification application approvals" and the total number of "timely recertification application denials";

    > The District is willing to report each quarter on the number of timely recertification approvals. However, as discussed in prior filings including the District's opposition to plaintiffs' proposed order, the FNS-366B report and the APT rate each provide data on the timeliness of the processing of recertifications. (*See, e.g.*, ECF No. 67 at 6, 17.) In response to the Court's statements, the District is developing a new a method for measuring the timeliness of recertification application processing separate from initial applications. (*See, e.g., id.* at 18.) *See also* response to 1.b.

    c. as to untimely recertification application approvals, the number of days by which such decisions were untimely, broken out in 10 day intervals (e.g. 1-10 days late; 11-20 days late, etc.);

    > The District is willing to report each quarter on the number of untimely recertification approvals in the FNS-approved 30-day intervals, not the 10-day intervals plaintiffs propose. *See also* response to 2.b.

    d. as to untimely recertification application denials, the number of days by which such decisions were untimely, broken out in 10 day intervals (e.g. 1-10 days late; 11-20 days late, etc.); and

    > *See* response to 2.b.

    e. the percentage of timely recertification decisions (total number of timely recertification application approvals plus timely recertification application denials divided by the total number of recertification application approvals and denials), rounded to the first decimal point (e.g. 90.26% is rounded to 90.3%).

    This is unnecessary.

4. As to initial applications subject to 30 day processing pending at the end of the month:

The District is open to explanation from plaintiffs as to the utility of this information but does not believe such reporting is contemplated under the Court's Memorandum Opinion and Order.

    a. the total number of applications pending at the end of the month, broken out by number of applications pending 30 days or under and the number pending more than 30 days (in 10 day increments); and
    b. as to initial applications eligible for expedited processing pending at the end of the month, the total number of pending applications at the end of the month, broken out by the number of applications pending 7 days or under and the number pending more than 7 days.

4. As to recertification applications pending at the end of the month, the total number of pending recertification applications at the end of the month, broken out by number of recertification applications pending 30 days or under and the number pending more than 30 days (in 10 day increments).

The District is open to explanation from plaintiffs as to the utility of this information but does not believe such reporting is contemplated under the Court's Memorandum Opinion and Order.

Conrad Z. Risher

Assistant Attorney General

Equity Section

Public Interest Division

Office of the Attorney General for the District of Columbia

441 Fourth Street, N.W., Suite 630 South

Washington, D.C. 20001

conrad.risher@dc.gov

Phone: (202) 442-5868

Fax: (202) 741-0557

Confidentiality Notice: This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, or confidential, or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy, or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by email and delete all copies of the message.

Metadata: This email transmission and any accompanying material may contain embedded metadata. Any included metadata is confidential or privileged information and is not intended to be viewed by a non-client recipient.

**From:** Le, Chinh [mailto:cle@legalaiddc.org]
**Sent:** Thursday, June 28, 2018 11:41
**To:** Risher, Conrad (OAG) <conrad.risher@dc.gov>; Amarillas, Fernando (OAG) <fernando.amarillas@dc.gov>; Krupke, Jessica (OAG) <jessica.krupke@dc.gov>; Montee, Amanda (OAG) <amanda.montee@dc.gov>
**Cc:** Bisio, Peter R. <peter.bisio@hoganlovells.com>; Marc Cohan <cohan@nclej.org>; Gina Mannix <mannix@nclej.org>; Travis England <england@nclej.org>; Katharine Deabler <deabler@nclej.org>; Musser, Susan A. <susan.musser@hoganlovells.com>; Welborn, Kaitlin E. <kaitlin.welborn@hoganlovells.com>; Goldman, Emily <emily.goldman@hoganlovells.com>; Murashige, Lance Y. <lance.murashige@hoganlovells.com>; Jennifer Mezey <jmezey@legalaiddc.org>; Chelsea Sharon <csharon@legalaiddc.org>; Harmony Jones <hjones@legalaiddc.org>
**Subject:** Re: Garnett et al. v. Zeilinger, 1:17-cv-01757 - Meet and Confer Follow Up

Dear Counsel:

We write to follow up on our June 26, 2018 call. First, it is Plaintiffs' understanding that during the parties' June 26, 2018 Meet and Confer pursuant to the Court's June 15, 2018 Minute Order, Defendant represented the following:

1. Defendant would adhere to FNS statute, regulation, and sub-regulatory requirements in designing the reporting.
2. As to initial applications, Defendant's reports will measure timeliness of the application decision with (a) the start date being the date the application is received by the agency; and (b) the end date being, for approved applications, the date SNAP benefits are available on the household's EBT account;
3. Defendant will measure the timeliness of approvals and denials;
4. As to untimely application decisions, Defendant will report on the number of days overdue (intervals not specified);
5. As to the timeliness of decisions on recertification applications, Defendant's measurement of timeliness of decisions will follow FNS rule; and
6. Defendant's reporting on timeliness of decisions will not include an allocation of responsibility for delay to either the applicant or the agency.

Defendant also indicated that she would provide her reporting to the Court in quarterly increments. However, we believe that, unless the Court specifically requests otherwise, the reporting should be generated monthly and made available to Plaintiffs.

Second, on the call, you also asked for Plaintiffs to provide specific requests as to the form and substance of the reports for their consideration. Accordingly, in addition to the items agreed to above, Plaintiffs propose that by the 15th of each month, Defendant will provide a report to Plaintiffs' Counsel that includes the following data as to the prior month. If this data cannot be provided, we would request an explanation as to why it cannot be provided and whether the agency has an alternative to propose.

1. As to decisions on initial applications subject to 30 day processing:

a. the total number of decisions made in the month, broken out by application approvals and denials;
b. the total number of "timely denials" and the total number of "timely application approvals" (As defined in our proposed order);
c. as to untimely application approvals, the number of days by which such decisions were untimely, broken out in 10 day intervals (e.g. 1-20 days late; 11-20 days late, etc.);
d. as to untimely application denials, the number of days by which such decisions were untimely, broken out in 10 day intervals (e.g. 1-20 days late; 11-20 days late, etc.); and
e. the percentage of timely decisions (total timely application approvals plus total timely denials divided by the total number of application approvals and denials), rounded to the first decimal point (e.g. 90.26% is rounded to 90.3%).

2. As to initial application decisions on applications eligible for expedited processing ("7-day approvals"):

a. the total number of timely 7- day approvals and the total number of untimely 7-day approvals;
b. as to untimely 7-day approvals, the number of days by which such decisions were untimely, broken out in 10 day intervals (e.g. 1- 10 days late, 11-20 days late, etc.); and
c. the percentage of timely 7-day approvals (total number of timely 7 day approvals divided by total number of 7-day approvals), rounded

Exhibit C

to the first decimal point (e.g. 90.26% is rounded to 90.3%).

3.   As to decisions on recertification applications:

a.   the total number of decisions, broken out by recertification application approvals and "recertification application denials" (as defined in our proposed order);
b.   the total number of "timely recertification application approvals" and  the total number of "timely recertification application denials";
c.   as to untimely recertification application approvals, the number of days by which such decisions were untimely, broken out in 10 day intervals (e.g. 1-10 days late; 11-20 days late, etc.);
d.   as to untimely recertification application denials, the number of days by which such decisions were untimely, broken out in 10 day intervals (e.g. 1-10 days late; 11-20 days late, etc.); and
e.   the percentage of timely recertification decisions (total number of timely recertification application approvals plus timely recertification application denials divided by the total number of recertification application approvals and denials), rounded to the first decimal point (e.g. 90.26% is rounded to 90.3%).

4.   As to initial applications subject to 30 day processing pending at the end of the month:

a.   the total number of applications pending at the end of the month, broken out by number of applications pending 30 days or under and the number pending more than 30 days (in 10 day increments); and
b.   as to initial applications eligible for expedited processing pending at the end of the month, the total number of pending applications at the end of the month, broken out by the number of applications pending 7 days or under and the number pending more than 7 days.

5.   As to recertification applications pending at the end of the month, the total number of pending recertification applications at the end of the month, broken out by number of recertification applications pending 30 days or under and the number pending more than 30 days (in 10 day increments).

We look forward to your response.

Sincerely,
-Chinh



**Chinh Q. Le** | Legal Director
**Legal Aid Society of the District of Columbia**
1331 H Street, NW | Suite 350
Washington, DC 20005 | [www.LegalAidDC.org](www.LegalAidDC.org)
P: (202) 386-6662 | F: (202) 727-2132

Preferred Pronouns: he/him/his



Visit Our Blog at ***MakingJusticeReal.org***


This message and any attachments may be protected by the attorney-client privilege, work product doctrine or other applicable protection. If you are not the intended recipient or have received this message in error, please notify the sender and promptly delete the message. Thank you.



On Wed, Jun 27, 2018 at 12:12 PM, Le, Chinh <cle@legalaiddc.org> wrote:

> Dear Counsel:
>
> During our meet and confer call yesterday, you had requested that Plaintiffs provide you with draft language for the proposed monitoring



and reporting requirements to be included in the joint status report we are to file with the Court by Monday, July 3. You also asked that we send you a follow-up message with specific clarification questions on the topics we discussed, to which you would respond by email. To that end, we will endeavor to send both our follow-up questions and language for the joint status report by mid-day on Thursday, June 28. We ask that you respond with any comments or edits you have to the proposed language by COB Friday, June 29. We will plan to coordinate on Monday, July 3 to work through any issues with the goal of being filing a joint motion with any language on which we can agree by COB that day.

Please let me know if you have any questions.

Sincerely,
-Chinh


**Chinh Q. Le** | Legal Director
**Legal Aid Society of the District of Columbia**
1331 H Street, NW | Suite 350
Washington, DC 20005 | www.LegalAidDC.org
P: (202) 386-6662 | F: (202) 727-2132

Preferred Pronouns: he/him/his

![Legal Aid Logo]  ![Charity Navigator Logo]  ![Nonprofit Times Logo]


Visit Our Blog at *MakingJusticeReal.org*

This message and any attachments may be protected by the attorney-client privilege, work product doctrine or other applicable protection. If you are not the intended recipient or have received this message in error, please notify the sender and promptly delete the message. Thank you.




On Tue, Jun 26, 2018 at 9:31 AM, Risher, Conrad (OAG) <conrad.risher@dc.gov> wrote:

> Counsel:
>
> For this morning's 11:30 a.m. call, the participant code number is 1727711.
>
> **Dial in numbers*:**
>
> | Country | Local/Toll Number | Freephone/Toll Free Number |
> |---|---|---|
> | USA | 1-203-692-1688 | 866-651-4394 |
>
> Certain dialing restrictions can apply from specific countries. To ensure that your participants have the correct dialing procedures, please include this link in your invitation:
> https://www.mymeetings.com/audioconferencing/pdf/GlobalAccessDialingInformation.pdf
>
> * Restrictions may exist when accessing freephone/toll free numbers using a mobile telephone. Country freephone numbers cannot be used outside of the country listed. Please provide the appropriate in-country toll access numbers to your participants as a back-up in the event of any freephone restrictions being encountered.

Exhibit C

Conrad Z. Risher

Assistant Attorney General

Equity Section

Public Interest Division

Office of the Attorney General for the District of Columbia

<u>441 Fourth Street, N.W., Suite 630</u> South

Washington, D.C. 20001

<u>conrad.risher@dc.gov</u>

Phone: (202) 442-5868

Fax: (202) 741-0557

Confidentiality Notice: This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, or confidential, or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy, or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by email and delete all copies of the message.

Metadata: This email transmission and any accompanying material may contain embedded metadata. Any included metadata is confidential or privileged information and is not intended to be viewed by a non-client recipient.

**From:** Le, Chinh [mailto:cle@legalaiddc.org]
**Sent:** Wednesday, June 20, 2018 13:26
**To:** Risher, Conrad (OAG) <conrad.risher@dc.gov>
**Cc:** Bisio, Peter R. <peter.bisio@hoganlovells.com>; Marc Cohan <cohan@nclej.org>; Gina Mannix <mannix@nclej.org>; Travis England <england@nclej.org>; Katharine Deabler <deabler@nclej.org>; Musser, Susan A. <susan.musser@hoganlovells.com>; Welborn, Kaitlin E. <kaitlin.welborn@hoganlovells.com>; Goldman, Emily <emily.goldman@hoganlovells.com>; Murashige, Lance Y. <lance.murashige@hoganlovells.com>; Jennifer Mezey <jmezey@legalaiddc.org>; Chelsea Sharon <csharon@legalaiddc.org>; Harmony Jones <hjones@legalaiddc.org>; Krupke, Jessica (OAG) <jessica.krupke@dc.gov>; Montee, Amanda (OAG) <amanda.montee@dc.gov>; Amarillas, Fernando (OAG) <fernando.amarillas@dc.gov>
**Subject:** Re: Garnett et al. v. Zeilinger, 1:17-cv-01757 - Meet and Confer

Counsel:

We are disappointed that Defendant is unwilling to have District personnel with knowledge of the data systems and reporting generating capabilities participate in our meeting, but if that is the case, we do not object to conducting the meet and confer by conference call. We are available at 11:30am on Tuesday, June 26. Please provide us with a dial in number and, in advance of the call, please identify the Management Information Software and report writing software the District uses for its SNAP program.

Thank you.

Exhibit C

Sincerely,
-Chinh

**Chinh Q. Le** | Legal Director
**Legal Aid Society of the District of Columbia**
[1331 H Street, NW | Suite 350 Washington, DC 20005](#) | [www.LegalAidDC.org](#)
P: (202) 386-6662 | F: (202) 727-2132

Preferred Pronouns: he/him/his



Visit Our Blog at ***[MakingJusticeReal.org](#)***

This message and any attachments may be protected by the attorney-client privilege, work product doctrine or other applicable protection. If you are not the intended recipient or have received this message in error, please notify the sender and promptly delete the message. Thank you.

On Tue, Jun 19, 2018 at 4:45 PM, Risher, Conrad (OAG) <[conrad.risher@dc.gov](mailto:conrad.risher@dc.gov)> wrote:

> Counsel:
>
> Thank you for reaching out. The District is unavailable on Monday, June 25, but could do the meet-and-confer next Tuesday at 11:30 a.m. or 3:30 p.m. or Wednesday at 11:00 a.m. Please let us know if any of these times would be more or less convenient for you.
>
> We are conferring with agency personnel about the available data and reports within the parameters the Court set in its June 15, 2018 Minute Order, and the District is hopeful that the meet and confer will be productive. However, we do not believe that it would be appropriate for agency personnel to attend, nor is an in-person meeting necessary given the scope of the discussion laid out in the Court's Minute Order. The District would be happy to provide a conference call number for everyone's convenience.
>
> We await your response as to what time would be convenient and look forward to our discussion next week.
>
> Conrad Z. Risher
>
> Assistant Attorney General
>
> Equity Section
>
> Public Interest Division
>
> Office of the Attorney General for the District of Columbia

Exhibit C

[441 Fourth Street, N.W., Suite 630](#) South

Washington, D.C. 20001

[conrad.risher@dc.gov](mailto:conrad.risher@dc.gov)

Phone: (202) 442-5868

Fax: (202) 741-0557

Confidentiality Notice: This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, or confidential, or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy, or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by email and delete all copies of the message.

Metadata: This email transmission and any accompanying material may contain embedded metadata. Any included metadata is confidential or privileged information and is not intended to be viewed by a non-client recipient.

---

**From:** Le, Chinh [mailto:cle@legalaiddc.org]
**Sent:** Monday, June 18, 2018 16:54
**To:** Risher, Conrad (OAG) <conrad.risher@dc.gov>; Krupke, Jessica (OAG) <jessica.krupke@dc.gov>; Montee, Amanda (OAG) <amanda.montee@dc.gov>; Amarillas, Fernando (OAG) <fernando.amarillas@dc.gov>
**Cc:** Bisio, Peter R. <peter.bisio@hoganlovells.com>; Marc Cohan <cohan@nclej.org>; Gina Mannix <mannix@nclej.org>; Travis England <england@nclej.org>; Katharine Deabler <deabler@nclej.org>; Musser, Susan A. <susan.musser@hoganlovells.com>; Welborn, Kaitlin E. <kaitlin.welborn@hoganlovells.com>; Goldman, Emily <emily.goldman@hoganlovells.com>; Murashige, Lance Y. <lance.murashige@hoganlovells.com>; Jennifer Mezey <jmezey@legalaiddc.org>; Chelsea Sharon <csharon@legalaiddc.org>; Harmony Jones <hjones@legalaiddc.org>
**Subject:** Garnett et al. v. Zeilinger, 1:17-cv-01757 - Meet and Confer

Counsel:

We write to coordinate the logistics for the meet and confer that Judge Cooper has ordered in his recent Minute Order. We propose a meeting in the window between 9:00 am and 12:00 pm on either Monday, June 25, or Tuesday, June 26.

We believe it is imperative that the meeting include District personnel who can answer questions about the District's data systems and report generating capacity. Having someone with that expertise will eliminate the need for us to return to the Judge to argue about what is feasible or not feasible for the District to undertake and give everyone (including Judge Cooper) a more accurate understanding of the District's progress in improving the performance of its SNAP program. We also request that, in advance of the meeting, the Defendant identify the Management Information Software and report writing software the District uses for its SNAP program, which would also help facilitate the conversation.

We believe it would be most productive to confer in person and, to that end, propose meeting at Hogan Lovells. If it is not possible for the relevant District personnel to participate in an in-person meeting, however, we would be happy to arrange a conference call.

Please let us know as soon as possible what date works best for you and who from the District will participate in the meeting.

Thank you,
-Chinh

Exhibit C

**Chinh Q. Le** | Legal Director
**Legal Aid Society of the District of Columbia**
1331 H Street, NW | Suite 350
Washington, DC 20005 | www.LegalAidDC.org
P: (202) 386-6662 | F: (202) 727-2132

Preferred Pronouns: he/him/his