**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **SHONICE G. GARNETT** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **LAURA ZEILINGER**, <br><br> Defendant. | Case No. 17-cv-1757 (CRC) |

**PRELIMINARY INJUNCTION ORDER**

WHEREAS, Plaintiffs brought this action under 42 U.S.C. § 1983, alleging that

Defendant has failed, is failing, and will continue to fail to, *inter alia*, process applications for

benefits under the Supplemental Nutrition Assistance Program ("SNAP") within the timelines

prescribed by the SNAP Act and its implementing regulations;

WHEREAS, Plaintiffs sought preliminary injunctive relief against Defendant, on behalf

of themselves and members of the class, to require Defendant to process all SNAP initial and

recertification applications within the timeframes mandated by the SNAP Act;

WHEREAS, on March 28, 2018, this Court certified three classes of plaintiffs; and

WHEREAS, on May 31, 2018, this Court granted in part and denied in part Plaintiff's

motion for a preliminary injunction, it is hereby **ORDERED** that:

1.      As to each household that files an application for recertification no later than

fifteen days prior to the day upon which its certification period expires and is found to be

eligible, Defendant shall provide the SNAP allotment no later than one month after the

household received its last allotment issued, as required by 7 U.S.C. § 2020(e)(4).

2.      Defendant shall process recertification applications received after the fifteenth

day of the last month of the household's certification period, but before the end of the

household's certification period, within 30 days from the date of application and, as to those households found eligible, must provide a full month's SNAP allotment for the first month of the new certification as required by 7 U.S.C. § 2020(e)(4) and its implementing regulations, 7 C.F.R. § 273.14(e)(1).

3.      Defendant shall expeditiously enact any changes to policy statements, procedure manuals, and internal directives necessary to ensure compliance with the terms and conditions of this Order.  In addition, Defendant shall conduct such training as is necessary to ensure compliance with the terms and conditions of this Order.

4.      Defendant shall provide a mechanism by which Plaintiffs' counsel may bring to the attention of Defendant those instances in which a recertification application may not have been processed in accordance with federal statutes and regulations as required by this Order. Defendant shall investigate and advise Plaintiffs' counsel of the result of said investigation and, if appropriate, take corrective action within 5 business days after the date of Plaintiffs' report to Defendant.  The Defendant shall designate a contact person responsible for taking necessary action to resolve the issue(s) raised by Plaintiffs' counsel.  Defendant shall provide Plaintiffs' counsel with the identity of any successor to the person responsible for resolving the issues within 5 business days of the date on which such a successor is named.

5.      Within eighteen (18) months of the date of this Order, Defendant shall be in full compliance with all federal time requirements for processing recertification applications as required by this Order.  For purposes of this Order, Defendant shall be considered in full compliance if it is processing 95% of recertification applications within federal time requirements as required by this Order.

6.      On the first Friday of each month, commencing October 5, 2018, Defendant shall

2

file with the Court a certified report detailing the preceding month's processing of applications. Such report shall contain the following information:

    a.   The current status of the approval of any corrective action plan and the District's compliance with said plan

    b.   As to all applications:

        i.   The total number of applications approved

        ii.   The total number of applications approved within the requisite statutory timeline for that application type (e.g., 7 days for expedited applications, 30 days for initial applications)

        iii.   The total number of applications approved but not within the requisite statutory timeline, broken down into 10-day intervals (e.g., approved 0-10 days late, 10-20 days late, etc.)

    c.   As to non-expedited initial applications (governed by 7 U.S.C. § 2020(e)(3)):

        i.   The total number of applications approved

        ii.   The total number of applications approved within 30 days

        iii.   The total number of applications approved but not within 30 days, broken down into 10-day intervals (e.g., approved 0-10 days late, 10-20 days late, etc.)

        iv.   The percentage of applications approved in a timely manner, calculated by dividing the total number of applications approved within 30 days by the total number of applications approved

    d.   As to expedited initial applications (governed by 7 U.S.C. § 2020(e)(9)):

        i.   The total number of applications approved

      ii.  The total number of applications approved within 7 days

     iii.  The total number of applications approved but not within 7 days, broken down into 10-day intervals (e.g., approved 0-10 days late, 10-20 days late, etc.)

     iv.  The percentage of applications approved in a timely manner, calculated by dividing the total number of applications approved within 7 days by the total number of applications approved

e.  As to recertification applications (governed by 7 U.S.C. § 2020(e)(4)):

      i.  The total number of applications approved

      ii.  The total number of applications approved within the respective statutory timeline

     iii.  The total number of applications approved but not within the respective statutory timeline, broken down into 10-day intervals (e.g., approved 0-10 days late, 10-20 days late, etc.)

     iv.  The percentage of applications approved in a timely manner, calculated by dividing the total number of applications approved within the respective timeline by the total number of applications approved

f.  For purposes of these reporting requirements, "approved" means the completion of the certification process and the issuance of an allotment of benefits, as stated in 7 U.S.C. § 2020(e)(3), (4), and (9).

g.  To facilitate the reporting process, the Court has included a sample form that Defendant may, but is not required to, use for its monthly reporting on the

processing of applications.

7.      In addition, the District shall notify the Court when the corrective action plan to address its processing of initial applications, as required by the Food and Nutrition Service in its October 23, 2017 letter, is approved by the Service.  The District shall also notify the Court if the Food and Nutrition Service finds the District to be out of compliance with its corrective action plan.

      **SO ORDERED**.


_____
CHRISTOPHER R. COOPER
United States District Judge


Date:  <u>August 23, 2018</u>

5