UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BREAD FOR THE CITY, *et al.*, )<br>)<br>*Plaintiffs*, )<br>)<br>v. )<br>)<br>LAURA ZEILINGER, )<br>)<br>*Defendant*. )<br>) | Civil Action No. 1:17-cv-1757 |

**ORDER**[1]

This matter came before the Court upon Plaintiffs' Motion for Preliminary Approval of Class Action Settlement; Directing Notice of Settlement to Class; and Scheduling Fairness Hearing ("Motion"). Having considered the Motion, together with its exhibits, and based upon the relevant papers and all prior proceedings in this matter, the Court has determined the proposed Settlement[2] satisfies the criteria of Federal Rules of Procedure 23(e) such that the Court would likely be able to approve the proposed Settlement as fair, reasonable, and adequate, and that issuance of notice of the proposed Settlement in accordance with the proposed notice plan is appropriate. Accordingly, good cause appearing in the record, **IT IS HEREBY ORDERED THAT:**

---

[1] This case was previously captioned Garnett et al. v. Zeilinger. On August 18, 2023, the Court granted Plaintiffs' uncontested motion to withdraw Plaintiff Garnett from the case. Accordingly, the case caption has been updated to reflect the next plaintiff on the docket.

[2] Capitalized terms have the meaning given to them in the Settlement Agreement and the Motion unless otherwise defined herein.

1

## Preliminary Evaluation of the Proposed Settlement

1) Upon preliminary review, the Court finds that the proposed Settlement provides a recovery for the Class that (a) is within the range of what could be approved as fair, reasonable, and adequate, taking into account all of the risks, expense, and delay of continued litigation; (b) is the result of good faith and arm's length negotiations; (c) is not otherwise deficient; and (d) otherwise meets the criteria for approval; and thus warrants issuance of notice to the Class.

2) In making this determination, the Court has considered the substantial benefits to the Class; the specific risks faced by the Class in seeking to prevail on appeal and on its claims; the stage of the proceedings at which the Settlement was reached; and all of the other factors required under Rule 23.

## Approval Hearing

3) An approval hearing shall take place before the Court on **January 18**, 2024, at **10 a.m.** in Courtroom 27A, United States District Court for the District of Columbia, 333 Constitution Avenue, N.W., Washington DC 20001, to determine whether: (a) the proposed Settlement should be approved as fair, reasonable, and adequate and, in accordance with the Settlement's terms, this matter should be dismissed with prejudice; and (b) Class Counsel's application for attorneys' fees and expenses should be approved. Any other matters the Court deems necessary and appropriate will also be heard.

## Modification of Class Definition

4) The Court previously certified a Class consisting of:

   a. All District of Columbia residents since June 1, 2016: (1) who have applied, are applying, or will apply for SNAP benefits, through an initial

      application; and (2) who have had or will have the processing of such application delayed beyond the timeframes mandated by law;

   b. All District of Columbia residents since June 1, 2016: (1) who have applied, are applying, or will apply for SNAP benefits, through a recertification application; and (2) who have had or will have the processing of such application delayed beyond the timeframes mandated by law; and/or

   c. All District of Columbia SNAP recipients since June 1, 2016: (1) who have been or will be required to submit a recertification application to maintain SNAP benefits; (2) as to whom the Defendant has failed or will fail to issue notice of the need to recertify; and (3) who have been or will be terminated from participation in SNAP due to Defendant's failure to issue such notice;

 5) The Court preliminarily finds that this Class continues to be appropriate but that the definition of the Class for purposes of the Settlement should be narrowed to include only those individuals who applied for SNAP benefits or were required to submit a recertification application to maintain SNAP benefits on or before the date of this Order, so that individuals who would only have become members of the Class after the date of this Order – and therefore likely would not be in a position to receive notice of the Settlement Agreement – are not members of the Class.

## Notice to the Class

 6) The notice plan set forth in Section 6 of the Settlement Agreement and the forms of notice attached as exhibits to the Settlement Agreement satisfy the requirements of Federal

Rule of Civil Procedure 23 and thus are approved.  Non-material modifications to the exhibits may be made without further notice of the Court.

       7)       The Court finds that the form, content, and method of giving notice to the Class Members as described in the Settlement Agreement and exhibits: (a) constitute the best practicable notice to the Class; (b) are reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the action, the terms of the proposed settlement, and their rights under the proposed settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements.  The Court further finds that the notices are written in plain language, use simple terminology, and are designed to be readily understandable by Class Members.

## Objections to the Settlement

       8)       The objection procedures set forth in Section 7 of the Settlement Agreement satisfy the requirements of Federal Rule of Civil Procedure 23 and thus are approved.

       9)       Any class member who fails to comply with the objection procedures set forth in Section 7 of the Settlement Agreement will waive and forfeit any and all rights they may have to object, may have their objection stricken from the record, and may lose their rights to appeal from approval of the Settlement. Any such Class Member also shall be bound by all the terms of the Settlement Agreement, this Order, and by all proceedings, orders, and judgments, including, but not limited to, the release in the Settlement Agreement if final judgment is entered.

## Termination of the Settlement and Use of this Order

      10)      This Order shall become null and void and shall be without prejudice to the rights of the parties, all of which shall be restored to their respective positions existing immediately

before this Court entered this Order, if the settlement is not approved by the Court or if the Effective Date does not occur. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders relating to the Settlement, including this Order, shall be used or referred to for any purpose whatsoever.

11) This Order shall not be construed or used as an admission, concession, or declaration by or against any Class Representative or any other Class Member that the Class's claims lack merit or that the relief requested is inappropriate, improper, or unavailable; and shall not constitute a waiver by any party of any defense or claims it may have in this litigation or in any lawsuit.

## Continuance of Final Approval Hearing

12) The Court reserves the right to adjourn or continue the approval hearing and related deadlines without further written notice to the class.

## Summary of Deadlines

13) The Settlement Agreement shall be administered according to its terms pending the Approval Hearing. Deadlines arising under the Settlement Agreement and this Order include but are not limited to the following:

| EVENT | TIMING |
| --- | --- |
| Deadline for beginning Notice process | September 7, 2023 |
| Deadline for Plaintiffs to file motion for final approval of settlement | December 14, 2023 |
| Deadline for Plaintiffs to file motion for attorneys' fees, costs, and expenses[3] | December 14, 2023 |

---

[3] Plaintiffs may, if they choose, file a combined motion for final approval of settlement and attorneys' fees, costs, and expenses.

| | |
|---|---|
| Objection deadline | January 5, 2024 |
| Deadline for Plaintiffs to file response to any objections and reply in support of motion for final approval of settlement | January 12, 2024 |
| Final approval hearing | January 18, 2024 |

IT IS SO ORDERED this 24th day of August 2023.

_____
THE HONORABLE CHRISTOPHER R. COOPER
Judge, United States District Court for the
District of Columbia