UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BREAD FOR THE CITY, *et al.*, | ) ) ) |
| *Plaintiffs*, | ) ) |
| v. | ) ) ) |
| LAURA ZEILINGER, | ) ) |
| *Defendant*. | ) ) |

Civil Action No. 1:17-cv-1757-CRC

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR AN AWARD OF**

**ATTORNEY'S FEES AND COSTS**

1

# **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................5

BACKGROUND ..........................................................................................................................5

STANDARD..................................................................................................................................8

ARGUMENT .................................................................................................................................9

    I.    Reasonable Attorney's Fees..................................................................................11

        A.    The Requested Fee is lower than a fees award based on a reasonable number of hours through August 2018 .................................................................... 11

        B.    The Requested Fee is lower than a fees award based on reasonable hourly rates ................................................................................................................ 14

            1.    Hogan Lovells billing rates............................................................ 16

            2.    USAO rates ................................................................................... 17

    II.    Reasonable Costs ..................................................................................................18

CONCLUSION............................................................................................................................18

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Alvarez v. Keystone Plus Construction Co.*,
   303 F.R.D. 152 (D.D.C. 2014)............................................................................8, 9, 11, 17, 18

*Blum v. Stevenson*,
   465 U.S. 886 (1984)..................................................................................................9, 14

*Covington v. District of Columbia*,
   57 F.3d 1101 (D.C. Cir. 1995), *cert. denied*, 516 U.S. 1115 (1996) ...................................9, 14

*Garnett v. Zeilinger*,
   313 F. Supp. 3d 147 (D.D.C. 2018) .........................................................................9

*Garnett v. Zeilinger*,
   No. 21-7068, Doc. 1914014 (D.C. Cir. Sep. 14, 2021) ..................................................7

*Harvey v. Mohammed*,
   951 F. Supp. 2d 47 (D.D.C. 2013) ...........................................................................8

*Heller v. District of Columbia*,
   832 F. Supp. 2d 32 (D.D.C. 2011) ......................................................11, 12, 16, 17

*J.T. v. District of Columbia*,
   652 F. Supp. 3d 11 (D.D.C. 2023) ............................................................................17

*Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*,
   675 F.2d 1319 (D.C. Cir. 1982) ...............................................................................11

*Richardson v. L'Oreal USA, Inc.*,
   991 F. Supp. 2d 181 (D.D.C. 2013) ..........................................................................8

*Salazar ex rel. Salazar v. District of Columbia*,
   809 F.3d 58 (D.C. Cir. 2015) .........................................................................9, 14, 17

*Select Milk Producers, Inc. v. Johanns*,
   400 F.3d 939 (D.C. Cir. 2005) ..............................................................................8, 11

*Texas v. United States*,
   49 F. Supp. 3d 27 (D.D.C. 2014) ...............................................................................11

*Kattan ex rel. Thomas v. District of Columbia*,
   995 F.2d 274 (D.C. Cir. 1993) ..................................................................................16

*Webb v. Bd. of Educ.*,
    471 U.S. 234 (1985) ............................................................................................................12

**Statutes**

42 U.S.C. § 1983 ...............................................................................................................6, 8

42 U.S.C. § 1988(b) ..............................................................................................................8

FOIA ......................................................................................................................................6

Food and Nutrition Act of 2008, Pub. L. No. 110-246, §§ 4001–02, 122 Stat. 1853
    (2008) .................................................................................................................................6

**Other Authorities**

Fed. R. Civ. P. 23 ..................................................................................................................8

Fed. R. Civ. P. 23(b)(2) ........................................................................................................6

Fed. R. Civ. P. 23(h) ......................................................................................................8, 17

USAO Attorney's Fees Matrix – 2015-2021, available at
    https://justice.gov/media/1184161/dl?inline ..............................................................17

**INTRODUCTION**

Plaintiffs Kathryn Harris, Darroll Green, and James Stanley, individually and on behalf of a class, and Plaintiff Bread for the City (collectively, "Plaintiffs") submit this Memorandum in support of their Motion for an Award of Attorney's Fees and Costs. After more than seven years of work on behalf of the class, which has included years of extensive motion practice, discovery, a pending appeal to the D.C. Circuit, and arms-length negotiations, Plaintiffs have entered into a Settlement Agreement and Release ("Settlement Agreement") with Defendant Laura Green Zeilinger, Director of the District of Columbia Department of Human Services (in her official capacity), to resolve this matter. This Court preliminarily approved the Settlement Agreement on August 24, 2023.

As compensation for Class Counsel's work on behalf of the class, and as contemplated by both parties in the Settlement Agreement, Class Counsel request that this Court approve a fee award of $500,000 (the "Requested Fee"). The Requested Fee is a fraction of the fees and costs reasonably incurred by Class Counsel over the course of this litigation, even when limited to just the hours worked through the preliminary injunction phase of this matter and after reducing the hours worked through conservative billing judgment. Furthermore, Defendant consents to Plaintiffs' motion for the Requested Fee. Therefore, the Court should approve the Requested Fee because it is fair, reasonable, and adequate.

**BACKGROUND[1]**

Class Counsel began investigating Defendant's processing of initial and recertification SNAP applications for District residents in late 2016. In developing the case's factual record, Class

---

[1] Plaintiffs incorporate by reference the factual and procedural background set forth in their Memorandum in Support of the Motion for Final Approval of Settlement filed contemporaneously with this motion. Plaintiffs provide further background here regarding Class Counsel's work on behalf of the Plaintiffs.

Counsel spoke with scores of District residents affected by Defendant's failures to process SNAP applications timely, which left large numbers of low-income individuals and families without critical nutrition assistance each month. On August 28, 2017, Plaintiffs filed this class action challenging Defendant's non-compliance with federal SNAP application processing deadlines, asserting claims under the Food and Nutrition Act of 2008 ("SNAP Act"), Pub. L. No. 110-246, §§ 4001–02, 122 Stat. 1853 (2008), and implementing regulations; as well as due process claims under 42 U.S.C. § 1983. Amend. Compl. ¶¶ 171–73. Plaintiffs simultaneously filed a Motion for Class Certification. ECF No. 2. On September 15, 2017, Plaintiffs filed a motion for Preliminary Injunction supported by numerous exhibits, including thirteen declarations of impacted District residents and dozens of exhibits obtained by Plaintiffs' counsel through FOIA requests. ECF Nos. 24–50.

The parties spent the next several months attempting to reach a negotiated resolution. *See* Status Report, ECF No. 37 at Ex. A ("Judge Cooper asked the parties to meet and confer so the parties could determine 'whether proceedings in the case should be stayed to allow for further discussions regarding settlement . . . .'"). When those negotiations were unsuccessful, the parties conducted preliminary discovery, including taking a Rule 30(b)(6) deposition of Defendant. Class Counsel resumed extensive motion practice in pursuit of relief for the class. *See, e.g.*, Plaintiffs' Reply to Defendant's Opposition to Motion for PI, ECF Nos. 45–53 (attaching dozens of additional exhibits and declarations of impacted individuals). Class Counsel presented oral argument on Plaintiffs' Motion for Class Certification and Preliminary Injunction on March 19, 2018. ECF No. 54. On March 28, the Court granted Plaintiffs' Motion for Class Certification, certifying three classes under Rule 23(b)(2). Mem. Op. & Order Granting Plfs.' Mot. for Class Cert., ECF No. 56. On May 31, the Court granted in part and denied in part Plaintiffs' Motion for Preliminary

Injunction. ECF No. 60. Then, on August 23, 2018, the Court entered a Preliminary Injunction Order in Plaintiffs' favor requiring that Defendant fully comply with all federal time requirements for processing SNAP recertification applications within 18 months and file monthly reports detailing Defendant's processing of all applications. *See* Prelim. Inj. Order, ECF No. 74.

After the preliminary injunction issued, Defendant filed a motion to dismiss Plaintiffs' complaint. ECF No. 71. Class Counsel opposed that motion to dismiss, which the Court denied in large part on August 23, 2018, dismissing only one of Plaintiffs' claims. ECF Nos. 74, 75. Extensive discovery began, spanning over a year. Class Counsel took ten depositions and defended five of Defendant's depositions. Class Counsel reviewed the approximately 80,000 pages of discovery that were produced. Class Counsel also represented the interests of the class in a number of discovery and FOIA-related disputes. Following discovery, Class Counsel briefed cross-motions for summary judgment on behalf of the class, ECF Nos. 128 & 138, and presented oral argument on behalf of the class on those motions. ECF No. 153. After the Court entered summary judgment in favor of Defendant on September 9, 2020, ECF No. 155, Plaintiffs filed a Motion to Alter or Amend. ECF No. 157. After the Court denied Plaintiffs' motion on June 11, 2021, ECF 162, Class Counsel filed a timely appeal. Not. of App. to D.C. Cir. Court, ECF No. 163. On September 14, the D.C. Circuit granted the parties' joint motion to hold the appeal in abeyance during settlement discussions. *See Garnett v. Zeilinger*, No. 21-7068, Doc. 1914014 (D.C. Cir. Sep. 14, 2021). After extensive arms-length negotiations, the parties reached negotiated resolution. Class Counsel prepared a Settlement Agreement, which the parties entered on March 21, 2023. ECF No. 169-2.

**STANDARD**

Pursuant to Rule 23(h), the Court may "award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h).[2] When the Parties have structured attorney's fees into a settlement agreement, courts "examin[e] whether the attorney's fees agreed upon as a part of the settlement are fair, reasonable, and adequate." *Alvarez v. Keystone Plus Construction Co.*, 303 F.R.D. 152, 165-66 (D.D.C. 2014) (approving attorney's fees figure included in settlement agreement); *see* Fed. R. Civ. P. 23, Advisory Committee note to section (h) (noting that a district court reviews fair and proper attorney's fees "whether the fees come from a common fund or are otherwise paid").

In cases like this one where no common fund is at issue, courts generally determine attorney's fees by the lodestar method. *See Richardson v. L'Oreal USA, Inc.*, 991 F. Supp. 2d 181, 204 (D.D.C. 2013) ("Because the settlement creates no common fund to divide between class members and class counsel, determining attorney's fees by the lodestar method is likely appropriate."). In the settlement context, to confirm the reasonableness of fees agreed to by the parties, courts conduct an "initial estimate of a reasonable attorney's fee [which] is properly

---

[2] Plaintiffs seek attorney's fees and costs pursuant to the Settlement Agreement, as permitted under Rule 23(h). It is worth noting, too, that pursuant to Section 1988, a prevailing party in an action to enforce a provision of 42 U.S.C. § 1983 is *entitled* to reasonable attorney's fees and costs. 42 U.S.C. § 1988(b); *see Harvey v. Mohammed*, 951 F. Supp. 2d 47, 53 (D.D.C. 2013) (awarding attorney's fees to plaintiffs in § 1983 suit pursuant to § 1988). In certain circumstances, securing a preliminary injunction can confer prevailing party status. *See Select Milk Producers, Inc. v. Johanns*, 400 F.3d 939, 947 (D.C. Cir. 2005) (holding that plaintiffs that obtained preliminary injunction were prevailing party and affirming award of attorney's fees and costs). Here, the Court issued a preliminary injunction ordering Defendant to fully comply with all federal time requirements for processing SNAP recertification applications within 18 months and file monthly reports. ECF 74. Moreover, the settlement reinforces and builds upon those obligations, containing injunctive provisions designed to maintain transparency into Defendant's recertification processing practices and enable swift rectification should issues reoccur in the future. The parties agree that Plaintiffs may seek attorney's fees and costs pursuant to the Settlement Agreement. However, even in the absence of the Settlement Agreement, Plaintiffs believe they may have a separate and independent entitlement to fees as a prevailing party at the preliminary injunction stage.

calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Alvarez*, 303 F.R.D. at 165 (quoting *Blum v. Stevenson*, 465 U.S. 886, 888 (1984)); *see also Salazar ex rel. Salazar v. District of Columbia*, 809 F.3d 58, 61 (D.C. Cir. 2015) (affirming award of attorney's fees contemplated by settlement where district court "(1) determine[d] the number of hours reasonably expended in litigation; (2) set the reasonable hourly rate; and (3) use[d] multipliers as warranted"); *Covington v. District of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995), *cert. denied*, 516 U.S. 1115 (1996). The fee applicant "bears the burden of establishing entitlement to an award, documenting the appropriate hours, and justifying the reasonableness of the rates." *Salazar*, 809 F.3d at 61 (quoting *Covington*, 57 F.3d at 1107–08). At that point, the fee "is presumed to be the reasonable fee." *Covington*, 57 F.3d at 1109.[3]

## ARGUMENT

Class Counsel's Requested Fee is reasonable based on the more than seven years of work Class Counsel performed on behalf of the class, culminating in a Settlement Agreement that helps safeguard the class's right to timely SNAP processing and notice through greater transparency. As this Court has recognized, SNAP is an essential source of support for low-income District residents, providing class members with crucial subsistence benefits to help feed themselves and their families. *See Garnett v. Zeilinger*, 313 F. Supp. 3d 147, 157–58 (D.D.C. 2018) (recognizing irreparable injuries to Plaintiffs and Declarants caused by failure to timely provide critical food assistance). In 2016, Class Counsel began hearing about and investigating systemic issues in Defendant's processing of SNAP applications, leaving hundreds of individuals and families hungry each month. Since that time, Defendant has made improvements in its administration of

---

[3] The burden then shifts to the defendant to present "equally specific countervailing evidence" if it seeks a different rate. Here, though, Defendant does not object to an award of $500,000 for attorney's fees and costs.

the SNAP program. These include implementing streamlined processes at DHS Service Centers; improving training regarding SNAP application timelines; enhancing monitoring; and increasing staffing. *See* ECF No 169-2, § 3. These improvements, which Plaintiffs believe were spurred, at least in part, by the scrutiny brought by this litigation, have benefitted thousands of SNAP beneficiaries throughout the District of Columbia, including by reducing the number of SNAP beneficiaries who have been improperly denied benefits as a result of processing delays, and by improving Defendant's timely provision of recertification notices to beneficiaries. The injunctive provisions of the Settlement Agreement provide the necessary transparency to help ensure that these same issues do not recur and, if they do, that they can be rectified in a timely manner. *See Id.* at § 4 (requiring Defendant monthly to provide Plaintiffs with correspondence and monthly reports regarding SNAP APT rates), § 5 (requiring Defendant to publicly post Form FNS-366B quarterly reports within 21 days of transmitting them to FNS).

Especially in light of these benefits to the class, the Requested Fee of $500,000 is a reasonable award for attorney's fees and costs incurred while litigating this case. Indeed, the Requested Fee is a far lower sum than the full amount of fees and costs that Class Counsel could reasonably seek. To illustrate: in the years of work on behalf of the class, Hogan Lovells alone has had more than 80 timekeepers who worked on this matter, incurring more than $3.8 million in fees at Hogan Lovells' customary rates. *See* Ex. A, Declaration of Lance Murashige ("Murashige Decl.") ¶ 11.

The Court need not examine the fees over the entire life of the matter, however, to find that the Requested Fee is reasonable. Instead, Class Counsel believes that the Requested Fee is reasonable even when compared to the fees incurred for a small segment of the work Class Counsel performed on behalf of Plaintiffs – specifically, the work through August 2018, when Plaintiffs

prevailed on their request for a preliminary injunction. *See Select Milk Producers, Inc. v. Johanns*, 400 F.3d 939, 947 (D.C. Cir. 2005) (affirming award of attorney's fees and costs where plaintiffs secured preliminary injunction then case was dismissed as moot); *Texas v. United States*, 49 F. Supp. 3d 27, 37–38 (D.D.C. 2014) (noting that the D.C. Circuit has recognized that securing a preliminary injunction can warrant attorney's fees). As demonstrated *infra*, limiting the hours to time spent through the preliminary injunction and applying conservative billing judgment, Class Counsel worked 2,813.5 hours. Applying USAO rates, that results in $1,126,341.00 in fees. The amount of reasonable costs earned just through the preliminary injunction phase totals an additional $14,390.67. The Requested Fee of $500,000, which is contemplated by the Settlement Agreement, is less than half of even those limited fees and costs and should be approved by this Court. *See Alvarez*, 303 F.R.D. at 166 (approving reasonable attorney's fees figure included in settlement agreement after parties litigated "almost a full year," class counsel "made multiple court appearances and filings," and case also "involved investigation, informal discovery, and settlement negotiations"). In fact, dividing the Requested Fee by the 2,813.5 hours worked on this matter just through August 2018 (hours that reflect reductions based on conservative billing judgment) results in a blended rate of $177.71 per hour—approximately the rate of a Paralegal or Law Clerk under the USAO Matrix. Plaintiffs' Requested fee request is therefore eminently reasonable, in light of Class Counsel's experience.

## I. Reasonable Attorney's Fees

### A. The Requested Fee is lower than a fees award based on a reasonable number of hours through August 2018

To enable the Court to determine the number of hours reasonably spent on the litigation, a fee applicant must "submit evidence supporting the hours worked and the rates claimed." *Heller v. District of Columbia*, 832 F. Supp. 2d 32, 49 (D.D.C. 2011). The fees petition must "be

sufficiently detailed to permit the District Court to make an independent determination whether or not the hours claimed are justified." *Id.* (quoting *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982)).  The applicant should be based on contemporaneous time and expense records.  *See Webb v. Bd. of Educ.*, 471 U.S. 234, 238 n.6 (1985); *Heller*, 832 F. Supp. 2d at 50.  However, Class Counsel need not "present the exact number of minutes spent[,] nor the precise activity to which each hour was devoted[,] nor the specific attainments of each attorney."  *Heller*, 832 F. Supp. 2d at 49 (quotation omitted).

Here, Class Counsel reasonably expended 2,813.5 hours on this litigation through the preliminary injunction phase.  This number is based on contemporaneous time records kept by Hogan Lovells, Legal Aid, and NCLEJ.  This hours total also reflects significant voluntary reductions made by all Class Counsel, as described in greater detail *infra*.

In total, Hogan Lovells timekeepers spent 2,071.1 hours through August 2018—a figure that includes the work of 42 timekeepers including attorneys, paralegals, law clerks, research analysts, and support staff.  Ex. A, Murashige Decl. ¶ 12.  Hogan Lovells has voluntarily reduced this to include only the time entries of five core team members (Peter Bisio, Susan Musser, Lance Murashige, Emily Goldman, and Kaitlin Welborn), stripping out all time entries from the remaining 37 time keepers.  *Id.* ¶ 15.  In addition, Hogan Lovells has reduced the number of participants on calls to three timekeepers, removed time entries for administrative tasks, and applied conservative billing judgment to reduce time spent on tasks to ensure the time spent aligned with the needs of the task.  *Id.* ¶ 14-18.  These reductions leave **1,435.8 hours** remaining that were worked through August 2018 when the Preliminary Injunction order was entered ("HL Reduced Hours").  *Id.* ¶ 12, 18.  This reflects a reduction of more than 30% of the actual hours worked through that time frame.

Legal Aid has similarly excluded time spent on various tasks in support of the litigation through August 2018. Legal Aid has eliminated all initial hours spent developing the case and factual record. Ex. B, Declaration of Chinh Q. Le ("Le Decl.") ¶ 17. Legal Aid has limited the number of participants in factual development meetings, strategy meetings, at court hearings, and in depositions in most instances to one timekeeper. *Id.* ¶¶ 18-19. And it has eliminated hours spent on legal travel, administrative tasks, researching unpursued matters, and related policy advocacy, among other activities. *Id.* ¶¶ 20-22. In total, taking into account these exclusions, Legal Aid attorneys and staff spent approximately 1,000 hours litigating this case through the preliminary injunction stage. Ex. B., Le Decl. at Schedules 1-7. That figure reflects the work of lawyers, legal assistants, and legal interns. But in further exercise of billing judgment, Legal Aid excluded hours expended by all but the four primary lawyers (Harmony Jones, Chinh Le, Jennifer Mezey, and Chelsea Sharon), hours expended by all but the primary legal assistant (Lisa Meehan), and all hours expended by legal interns. Ex. B., Le Decl. ¶ 16. This reduction results in a total of **695.7 hours** worked through the preliminary injunction stage ("Legal Aid Reduced Hours")—a reduction of more than 30% of the actual hours worked by all Legal Aid staff until that point.

National Center for Law and Economic Justice (NCLEJ) also applied conservative billing rules. NCLEJ excluded time spent on administrative tasks and travel. For meetings with Class Counsel, court appearances, and calls with the Defendant, NCLEJ limited the number of its participants to two timekeepers. Ex. C, Declaration of Katharine Deabler-Meadows ("Deabler-Meadows Decl.") ¶ 11. After applying these reductions, the four key attorneys at NCLEJ (Mary Mannix, Marc Cohan, Travis England, and Katherine Deabler) spent approximately **682 hours** litigating this case through the preliminary injunction stage ("NCLEJ Reduced Hours").

For purposes of estimating reasonable attorney's fees, then, the reasonable time spent by Class Counsel litigating this case through the preliminary injunction phase, following voluntary reductions and exercising other billing judgment is **2,813.5 hours**.

### B. The Requested Fee is lower than a fees award based on reasonable hourly rates

To determine that the hourly rate used to calculate a fee award is reasonable, courts consider "(1) 'the attorneys' billing practices'; (2) 'the attorneys' skills, experience, and reputation'; and (3) 'the prevailing market rates in the relevant community.'" *Salazar*, 809 F.3d at 62 (quoting *Covington*, 57 F.3d at 1107). The fee applicant "bears the burden of . . . justifying the reasonableness of the rates." *Covington*, 57 F.3d at 1107. In complex civil rights legislation like this suit, reasonable fees are calculated according to prevailing market rates in the community "regardless of whether plaintiff is represented by private or nonprofit counsel." *Blum*, 465 U.S. at 895.

With regards to billing practices, as detailed *supra*, Class Counsel's billing practices reflect significant voluntary reductions. Hogan Lovells seeks fees for only five attorneys (of the more than 80 Hogan Lovells timekeepers that have worked on this matter); Legal Aid seeks fees for only four attorneys and one legal assistant; and NCLEJ seeks fees for only four attorneys. All Class Counsel have stripped out time billed for various tasks, such as administrative activities or extraneous timekeepers in meetings.

Regarding skills, experience, and reputation, all Class Counsel are preeminent civil rights and/or complex federal litigators who brought years of experience to bear in litigating this case. Peter Bisio was a Hogan Lovells Partner and General Counsel, bringing thirty years of civil litigation experience, including extensive experience in class action litigation. Ex. A, Murashige Decl. ¶ 4. Susan Musser was a Senior Associate with approximately a decade of litigation

14

experience, including approximately six years of experience as a Department of Justice trial attorney. *Id.* ¶ 5. Emily Goldman was a Senior Associate in the Civil Litigation practice group who also managed a robust pro bono practice related to civil rights work that included voter suppression work, and experience with litigating South Carolina death row conditions. *Id.* ¶ 6. Lance Murashige is a Counsel in the Hogan Lovells Civil Litigation practice group with approximately a decade of experience in complex civil litigation matters, including class action work. *Id.* ¶ 3. And Kaitlin Welborn had years of complex civil litigation practice including a robust pro bono docket. *Id*. ¶ 7.

From Legal Aid, Chinh Le has more than 20 years of legal experience, including ten years of experience as Legal Aid's Legal Director. Prior to joining Legal Aid, Mr. Le was director of the division on civil rights in the office of the New Jersey Attorney General, and prior to that, he was assistant counsel at the NAACP Legal Defense and Educational Fund. He has served as lead or co-counsel in numerous civil rights litigations, including class actions, before this Court. Ex. B, Le Decl. ¶¶ 3-5. Jennifer Mezey has more than 25 years of experience as an attorney, including nearly 20 years at Legal Aid alone. Throughout the course of this litigation, she has been a Supervising Attorney in the Public Benefits Law Unit, a Deputy Legal Director, and Legal Director for Legal Operations and Client Services, the position she currently occupies. *Id.* ¶¶ 6-7. Chelsea Sharon, during her time working on this case, was a Staff Attorney and then Senior Staff Attorney in Legal Aid's Public Benefits Law Unit. *Id.* ¶¶ 8-9. And Harmony Jones, the final Legal Aid attorney whose time has been submitted as a part of this fee petition, was also a Staff Attorney in that same practice area. *Id.* ¶¶ 10-11.

From NCLEJ, Marc Cohan served as both the Director of Litigation and Executive Director of NCLEJ. Ex. C, Deabler-Meadows Decl. ¶ 3. Mary R. Mannix served as the Interim Executive

Director and then Deputy Director of NCLEJ, and was a longtime Senior Attorney, who retired in 2018. *Id.* ¶4. Mr. Cohan and Ms. Mannix each came to this litigation with approximately 40 years of deep and specialized litigation experience and knowledge in complex government benefits litigation developed through their work at NCLEJ on no less than 16 other matters addressing access to and timely processing of SNAP and other public benefits. *Id.* ¶ 5. Travis England served as a Senior Attorney at NCLEJ between 2017-2020. *Id.* ¶6. Mr. England had previously spent seven years as a Trial Attorney at the Civil Rights Division of the United States Department of Justice in Washington, DC. *Id.* At both the Department of Justice and NCLEJ, Mr. England brought major pieces of litigation against state government agencies on behalf of vulnerable and low-income clients. *Id.* Katharine Deabler-Meadows joined NCLEJ in 2015 as a legal fellow and subsequently as a Staff Attorney in 2016. *Id.* ¶7. For the duration of her professional life, Ms. Deabler-Meadows has engaged continuously in litigation related to SNAP access and timeliness. *Id.*

Finally, the Requested Fee yields an hourly rate far lower than two common measures of reasonable hourly rates: Class Counsel's own billing rates and the USAO matrix.

### 1. Hogan Lovells billing rates

An attorney's "usual billing rate is presumptively the reasonable rate, provided that this rate is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Heller*, 832 F. Supp. 2d at 38 (quoting *Kattan ex rel. Thomas v. District of Columbia*, 995 F.2d 274, 278 (D.C. Cir. 1993) (internal quotation omitted)). Here, Hogan Lovells' 2017 and 2018 rates for the core time keepers on this matter were between $490 and $865, which are in line with those charged by experienced lawyers engaged in

16

complex federal litigation in the District of Columbia.[4] *See* Ex. A, Murashige Decl. ¶ 24 and Schedule 1. Applying those rates to the HL Reduced Hours yields a total reasonable fee of $869,417.50. Ex. A, Murashige Decl. at Schedule 1.

Therefore, using Hogan Lovells' customary billing rates alone, the Requested Fee is demonstrably reasonable, as the Requested Fee represents a reduction of more than 40% off of a reasonable award based on Hogan Lovells' billing rates.

### 2. USAO rates

The requested fee of $500,000 likewise is far lower than attorney's fees calculated using the USAO Matrix that was in place up to August 2018.[5] *See* USAO Attorney's Fees Matrix – 2015-2021, available at https://justice.gov/media/1184161/dl?inline. As explained by the USAO Matrix, the rates were intended to "evaluate requests for attorney's fees in civil cases in District of Columbia Courts." *Id.* at n.1. Under the USAO Matrix, the HL Reduced Hours result in $514,236.80 fees, the Legal Aid Reduced Hours result in $284,296.20 in fees, and the NCLEJ Reduced Hours result in $327,808.00 in fees, for a total of $1,126,341.00. Ex. A, Murashige Decl at Schedule 1; Ex. B, Le Decl. at Schedules 2; Ex. C, Deabler-Meadows Decl. at Schedule 1. The Requested Fee of $500,000 once again falls well below this reasonable total and should be approved. *See Alvarez*,

---

[4] Plaintiffs do not waive any entitlement to seek attorney's fees at current, rather historical, rates. But for the purposes of argument, and to further demonstrate the reasonableness of the Requested Fee of $500,000, Plaintiffs here use historical 2017 and 2018 billing rates.

[5] Plaintiffs note that the USAO matrix likely undervalues Class Counsel's hourly rates, further emphasizing the reasonableness of the Requested Fee. Courts regularly calculate attorney's fee awards for matters similar to this one—that is, complex litigation in federal court in the District of Columbia—using other matrices with higher hourly rates, such as the *Laffey* and *Fitzpatrick* matrices. *See, e.g.*, *Salazar*, 809 F.3d at 64 (affirming fee awards based on LSI *Laffey* rates in Section 1983 class action against District of Columbia for failure to comply with various requirements of Medicaid program); *J.T. v. District of Columbia*, 652 F. Supp. 3d 11, 36 (D.D.C. 2023) (awarding attorney's fees in accordance with *Fitzpatrick* matrix rates).

303 F.R.D. at 166 (approving attorney's fee figure included in settlement agreement and calculated using LSI *Laffey* rates as fair, reasonable, and adequate).

## II.    Reasonable Costs

In addition to attorney's fees, the Court may also award "nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). As with attorney's fees, when costs are contemplated by a settlement agreement (as here), the Court reviews the reasonableness of the agreement for costs. *See Alvarez*, 30 F.R.D. at 165–66 (approving award of attorney's fees and costs as a lump sum contemplated in settlement agreement); ECF No. 169-2 at § 8(C).

The Requested Fee is reasonable in light of the expenses Class Counsel incurred litigating this case on behalf of Plaintiffs. As of September 30, 2023, Class Counsel reasonably and necessarily incurred at least $14,390.67 in expenses for such items as court reporter fees; document and database reproduction and analysis; e-discovery costs; expert witness fees; travel for meetings and hearings; paying the mediator; and other customary expenditures. *See* Ex A, Murashige Decl. at Schedule 2. The Requested Fee is reasonable in light of the costs incurred by Class Counsel and should be approved.

## CONCLUSION

For the foregoing reasoning, Plaintiffs request that the Court approve the Requested Fee, in the amount of $500,000 as that fee is fair, reasonable, and adequate.

Dated: December 14, 2023                            Respectfully Submitted,

/s/ Chinh Q. Le_____
CHINH Q. LE [1007037]
JONATHAN H. LEVY [449274]
Legal Aid Society of the
District of Columbia
1331 H Street NW, Suite 350
Washington, D.C. 20005
Tel: (202) 628-1161
Fax: (202) 727-2132
cle@legalaiddc.org

BRIANA L. BLACK [989775]
LANCE Y. MURASHIGE [1021562]
Hogan Lovells US LLP
555 Thirteenth Street, NW
Washington, D.C. 20004-1109
Tel: (202) 637-5600
Fax: (202) 637-5910
briana.black@hoganlovells.com

KATHARINE DEABLER-MEADOWS
(admitted *pro hac vice*)
National Center for Law
and Economic Justice
50 Broadway, Suite 1500
New York, NY 10004-3821
212-633-6967 (Phone)
212-633-6371 (Fax)
deabler@nclej.org

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I certify that on December 14, 2023, the foregoing was electronically filed through this Court's CM/ECF system. All counsel of record are registered CM/ECF users, and service will be accomplished by the CM/ECF system.

Dated: December 14, 2023

                                            /s/ Chinh Q. Le
                                            Chinh Q. Le [1007037]
                                            Legal Aid Society of the
                                            District of Columbia
                                            1331 H Street NW, Suite 350
                                            Washington, D.C. 20005
                                            Tel: (202) 628-1161
                                            Fax: (202) 727-2132
                                            cle@legalaiddc.org