UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BREAD FOR THE CITY, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>LAURA ZEILINGER,<br><br>*Defendant*. | Civil Action No. 1:17-cv-1757-CRC |

**DECLARATION OF LANCE Y. MURASHIGE IN SUPPORT OF
MOTION FOR ATTORNEY'S FEES AND EXPENSES**

I, Lance Y. Murashige, hereby declare:

1. I am a Counsel at Hogan Lovells US LLP ("Hogan Lovells" or the "Firm"), and have appeared with this Court to represent Plaintiffs in the above-captioned case. I submit this declaration in support of Plaintiffs' Motion for Attorney Fees and Expenses. The statements contained in this declaration are based on my personal knowledge, a review of Firm records that were made at or near the time of the recorded event or activity and kept in the ordinary course of business, and/or my consultation with colleagues at the Firm as part of my Counsel role.

**Skills and Experience of the Attorneys Involved**

2. Hogan Lovells has co-counseled with the Legal Aid Society of the District of Columbia ("Legal Aid") and the National Center for Law and Economic Justice ("NCLEJ") on this matter since early 2017. I have been a core member of the team working on this matter since its inception. In preparing this declaration, I reviewed the contemporaneous time records of Hogan

Lovells attorney and staff who worked on this matter, including the contemporaneous time records of myself, Peter Bisio, Susan Musser, Emily Goldman, and Katie Welborn (the "core team members"). Throughout the entire course of the litigation, each Hogan Lovells timekeeper kept contemporaneous time records according to Hogan Lovells' standardized billing practices, including keeping record of the particular task done and amount of time spent (measured in six minute increments). The number of hours for work performed stated herein is based on these contemporaneous time records.

3. I am a Counsel in Hogan Lovells' D.C. Civil Litigation group. My practice focuses on representing clients in complex civil litigation matters, including class actions in federal and state courts. I also have an active pro bono practice with a focus on providing legal services to D.C. residents, including through class and individual actions. I graduated from the University of Virginia School of Law in 2013 and have been in private practice at Hogan Lovells since that point. Based on my personal knowledge and a review of my contemporaneous time entries, as reflected in the firm's records, I worked on pre-complaint case strategy and analysis; preparing the complaint; briefing and preparing argument for the parties' motions on class certification, dismissal for failure to state a claim, preliminary injunction, and summary judgment; preparing and responding to written discovery requests; preparing for and participating in numerous depositions; preparing the appeal of the court's summary judgment decision; strategy related to a negotiated resolution of the action; and approval of the Settlement Agreement and Release.

4. Peter R. Bisio is a former Partner at Hogan Lovells who was a member of the Civil Litigation group. He also served as general counsel for Hogan Lovells US LLP. Peter's legal career spanned three decades between his graduation from Columbia Law School in 1992 through his retirement from the Firm in 2022. Approximately 25 years of Peter's legal career were spent

at Hogan Lovells, where he was a leading member of the D.C. Civil Litigation group. Peter's practice focused on complex civil litigation, in particular class actions. He also led a number of pro bono legal matters, including this one, during his tenure at the firm. Based on my personal knowledge and my review of contemporaneous time entries, as reflected in the firm's records, Peter worked on pre-complaint case strategy and analysis; preparing the complaint; briefing and preparing argument for the parties' motions on class certification, dismissal for failure to state a claim, preliminary injunction, and summary judgment; advising the other core team members regarding written discovery requests; advising the other core team members regarding deposition strategy; preparing the appeal of the court's summary judgment decision; and strategy related to a negotiated resolution of the action.

5.  Susan A. Musser was a Senior Associate at Hogan Lovells from August 2017 through May 2020, during which time she was Hogan Lovells' lead Senior Associate on this matter and a core member of the team. Susan had extensive litigation experience, including from her six years as a Trial Attorney with the United Stated Department of Justice prior to joining the Firm. In addition to her billable practice and this case, Susan also provided pro bono legal services to domestic violence survivors. Susan received her J.D. from Saint Louis University School of Law in 2010. Based on my personal knowledge and my review of contemporaneous time entries, as reflected in the firm's records, Susan worked on pre-complaint case strategy and analysis; preparing the complaint; briefing and preparing argument for the parties' motions on class certification, dismissal for failure to state a claim, preliminary injunction, and summary judgment; preparing and responding to written discovery requests; and preparing for and participating in numerous depositions.

6.      Emily Goldman was a Senior Associate at Hogan Lovells, where she was a member of the D.C. Civil Litigation group from 2013 through October 2019.  Emily was a core member of the team that worked on this matter from its inception through her departure from the firm.  Emily's practice at Hogan Lovells focused on complex litigation focused on the life sciences, automotive, and education sectors.  In addition to her work on this matter, she had a pro bono practice that included voter suppression work, work to improve death row conditions in South Carolina, and advocating for asylum seekers.  Emily received her J.D. from the University of Michigan Law School in 2013.  Based on my personal knowledge and my review of contemporaneous time entries, as reflected in the firm's records, Emily worked on pre-complaint case strategy and analysis; preparing the complaint; briefing and preparing argument for the parties' motions on class certification, dismissal for failure to state a claim, and preliminary injunction; preparing and responding to written discovery requests; and preparing for and participating in numerous depositions.

7.      Kaitlin Welborn was an Associate at Hogan Lovells, where she was a member of the D.C. Civil Litigation group from 2016 through May 2020.  Kaitlin was a core member of the team that worked on this matter from its inception through her departure from the firm. During her time at the firm, Kaitlin's practice focused on complex litigation.  She also maintained an active pro bono practice that included litigating two immigration impact litigation matters, asylum work, and the investigation of an innocence matter. She received her J.D. from Yale Law School in 2015. Based on my personal knowledge and my review of contemporaneous time entries, as reflected in the firm's records, Kaitlin worked on pre-complaint case strategy and analysis; preparing the complaint; briefing and preparing argument for the parties' motions on class certification, dismissal for failure to state a claim, preliminary injunction, and summary judgment; preparing

and responding to written discovery requests; and preparing for and participating in numerous depositions.

## Work Performed by Hogan Lovells in Connection with this Litigation

8. During the course of this representation, Hogan Lovells represented Plaintiffs on a pro bono basis. Hogan Lovells represented Plaintiffs as zealously as they would any comparable paying matter, staffing the case in the same manner and expending the same amount of effort it would to provide quality representation to any other client.

9. Firm attorneys, paralegals, and staff have been deeply involved in virtually all aspects of the case. The litigation has required a substantial amount of time and attention from Hogan Lovells' personnel over a protracted period, including time that would have otherwise been spent taking on and staffing complex matters for paying clients.

10. Hogan Lovells represented Plaintiffs for over six years on a pro bono basis. During that time, it devoted thousands of hours and millions of dollars in fees and expenses to the case. Hogan Lovells—with no guarantee of ever seeing any recompense for its work—bore that expense because it believed in the merits of Plaintiffs' case.

11. Plaintiffs seek an award of $500,000 in attorney's fees for 1,435.8 hours spent on the case through the preliminary injunction phase by Hogan Lovells attorneys and staff. The fees requested are pursuant to a Settlement Agreement and Release entered with Defendant. Plaintiffs' Motion for Attorney Fees and Expenses asserts that Plaintiffs' requested fee award is reasonable in light of the hours spent on this matter, even when calculated solely through the preliminary injunction phase of this matter (i.e., August 2018). Based on my review of the firm's contemporaneous time records, if the Firm billed its standard rates for the hours worked by the 82

timekeepers who worked on this matter, Hogan Lovells would have billed $3,833,869 from the inception of the matter through the beginning of October 2023.

### Hogan Lovells – Fees through August 2018

12. Plaintiffs' Motion for Attorney Fees and Expenses asserts that Plaintiffs' requested fee award is reasonable in light of the work performed on this matter, particularly in light of the work performed through the preliminary injunction phase of this matter alone (i.e., August 2018). Through August 2018 alone, 42 Hogan Lovells timekeepers worked a total of 2,071.1 hours on this matter. Hogan Lovells's core team members worked a total of 1,618.8 hours on this matter through August 2018. Applying the conservative billing judgment described below results in 1,435.8 hours.

13. At my direction, Hogan Lovells attorneys reviewed Hogan Lovells' contemporaneous time records and, before submitting Plaintiff's Motion for Attorney Fees and Expenses this application, made very significant downward adjustments. The objective has been to take a conservative and reasonable approach to the total attorney and staff hours related to Plaintiffs' Motion.

14. I directed the Hogan Lovells attorneys who also reviewed the Firm's contemporaneous time records to remove time entries according to the principles outlined below.

15. *First*, I directed that the team delete all time entries other than those from the five core team members who worked on this matter through the preliminary injunction phase. This resulted in 1,618.3 hours.

16. *Second*, I directed that the Hogan Lovells attorneys reviewing the time records delete any records deemed excessive or administrative in nature.

17. *Third*, Hogan Lovells limited billing for calls involving more than 3 members of the core team to 3 attorneys.

18. 183 hours of work were eliminated based on the steps described above, resulting in 1,435.8 hours of work attributed to the five core team members through August 2018, reflecting conservative billing judgment (the "Reduced Core Team Hours"). After deleting time entries in accordance with the principles outlined above, the team presented me with a spreadsheet of their results for my review.

19. I then reviewed the spreadsheet of the Reduced Core Team Hours and the corresponding time entries.

20. I then directed the team to calculate the total fees incurred if Reduced Core Team Hours had been billed at (i) Hogan Lovells' contemporaneous rates and (ii) the contemporaneous rates on the U.S. Attorney's Office (USAO) Attorney's Fees Matrix. A chart summarizing the fees that would have been incurred for the Reduced Core Team Hours as those rates is shown below as Schedule 1.

21. The Hogan Lovells rates shown in Schedule 1 reflect the hourly rates maintained by the firm, which reflect experience and years of practice. These rates are updated regularly.

22. The USAO hourly rates are significantly less than Hogan Lovells customary rates.

23. Having practiced in Washington, D.C. for 10 years, and in connection with litigation related to Washington, D.C. based attorneys' fees, I am familiar with the rates charged by attorneys in the Washington, D.C. market with similar credentials, skills, and experience as the Hogan Lovells attorneys involved in this case.

24. I know that Hogan Lovells' customary rates are comparable to rates charged by peer firms who are similarly engaged in sophisticated, complex legal matters.

25.     The USAO hourly rates are significantly below the rates charged by comparable firms in the Washington, D.C. market. Dividing the $500,000 fee request across the hours worked through August 2018 (reflecting conservative billing judgment) by Hogan Lovells (1,435.8), Legal Aid (695.7), and NCLEJ (682) results in the even lower blended hourly rate of $177.71 per hour—approximately the rate of a Paralegal or Law Clerk under the USAO Matrix.

26.     Plaintiffs set forth the legal basis for establishing that the fee request is reasonable based on these rates in their Memorandum of Law in Support of Plaintiffs' Motion for Attorney's Fees and Costs.

## Costs

27.     Hogan Lovells incurred $14,390.67 in costs through the preliminary injunction stage. For the life of the matter up until September 2023, Hogan Lovells incurred $76,836.51 in costs. Hogan Lovells has reviewed its invoices for costs and disbursements in meticulous detail in preparing this application.

28.     A summary of the costs requested, organized by the type of cost, is set forth in Schedule 2, below.

29.     The costs shown in Schedule 2 are calculated at rates at or below those that are customary, and are of a type normally charged to and collected from the Firm's clients.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 14th Day of December, 2023.

/s/ Lance Y. Murashige
Lance Y. Murashige

**Schedule 1**

Hogan Lovells US LLP Fee Amounts Using Reduced Core Team Hours

| Timekeeper Names | Current Title | Law School Graduation Year | Reduced Core Team Hours | HL Billing Rate/hour (2017 Rates) | HL Billing Rate/hour (2018 Rates) | Hogan Lovells Fee Amounts |
|---|---|---|---|---|---|---|
| Peter R. Bisio | Partner | 1992 | 95.4 | $865 | $925 | $84,201.00 |
| Lance Y. Murashige | Counsel | 2013 | 398.5 | $600 | $685 | $251,561.00 |
| Susan A. Musser | Senior Associate | 2010 | 128.0 | $680 | $765 | $92,386.50 |
| Emily Goldman | Senior Associate | 2013 | 233.6 | $600 | $685 | $146,671.00 |
| Kaitlin Welborn | Associate | 2015 | 580.3 | $490 | $580 | $294,598.00 |
| **Total** | | | 1,435.8 | | | $869,417.50 |

| Timekeeper Names | Current Title | Law School Graduation Year | Reduced Core Team Hours | USAO Matrix Rate/hour (2016-17 Rates) | USAO Matrix Rate/hour (2017-18 Rates) | USAO Matrix Rate/hour (2018-19 Rates) | USAO Matrix Fee Amounts |
|---|---|---|---|---|---|---|---|
| Peter R. Bisio | Partner | 1992 | 95.4 | $543 | $563 | $572 | $53,658.80 |
| Lance Y. Murashige | Counsel | 2013 | 398.5 | $322 | $346 | $351 | $136,579.90 |
| Susan A. Musser | Senior Associate | 2010 | 128.0 | $339 | $410 | $417 | $52,621.40 |
| Emily Goldman | Senior Associate | 2013 | 233.6 | $322 | $346 | $351 | $80,754.20 |
| Kaitlin Welborn | Associate | 2015 | 580.3 | $291 | $334 | $340 | $190,622.50 |
| **Total** | | | 1,435.8 | | | | $514,236.80 |

**Schedule 2**
Hogan Lovells US LLP Costs through August 2018

| Cost Type | Fee |
|---|---|
| Air Freight | $ 54.02 |
| BW Copies/Printing | $ 5,746.40 |
| CD Copying | $ 28.80 |
| Color Copies/Printing – A4 | $ 344.40 |
| Court Fees | $ 800.00 |
| Delivery Services/Messengers | $ 282.79 |
| Deposition Transcripts | $ 4,767.95 |
| Experts, Consultants, Other Vendors | $ 794 |
| Postage | $ 45.46 |
| Telephone/fax – external services | $ 42.32 |
| Travel Expenses | $ 1,422.03 |
| Word Processing | $ 62.50 |
| **Grand Total** | $ 14,390.67 |