**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|   |   |   |
|---|---|---|
| BREAD FOR THE CITY, *et al.*, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | Civil Action No. 1:17-cv-1757-CRC |
| v. | ) | |
| | ) | |
| LAURA ZEILINGER, | ) | |
| | ) | |
| *Defendant*. | ) | |
| | ) | |

_____

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ................................................................................................... iii

INTRODUCTION .................................................................................................................... 1

BACKGROUND ...................................................................................................................... 1

   I.     FACTUAL AND PROCEDURAL BACKGROUND ................................................ 1

   II.    THE SETTLEMENT ................................................................................................. 5

         A.     Recitals (ECF No. 169-2 § 2) .................................................................... 5

         B.     Actions Already Undertaken by Defendant (ECF No. 169-2 § 3) .................................................................................................. 5

         C.     Defendant's Agreement to Share Covered Correspondence (ECF No. 169-2 § 4) ..................................................................................... 5

         D.     Notice (ECF No. 169-2 § 6) ...................................................................... 6

         E.     Objection Procedures (ECF No. 169-2 § 7) ............................................... 6

         F.     Release and Settlement of Claims (ECF No. 169-2 § 8) ........................... 6

               i.     Release (ECF No. 169-2 § (8)(A)) ................................................ 6

              ii.    Dismissal (ECF No. 169-2 § (8)(B)) ............................................ 6

              iii.   Attorneys' Fees, Costs, Disbursements and Expenses, and Damages (ECF No. 169-2 (8)(C)) ..................................... 7

              iv.   Enforcement Provisions (ECF No. 169-2 § (8)(D)) ...................... 7

         G.     Term of the Agreement (ECF No. 169-2 § 9) ............................................ 7

LEGAL STANDARD ............................................................................................................... 7

ARGUMENT ........................................................................................................................... 8

         A.     The Class Representatives and Class Counsel have Adequately Represented the Class .............................................................................. 8

         B.     The Settlement was Negotiated at Arm's Length .................................... 10

         C.     The Settlement was Adequate .................................................................. 10

D.    The Proposal Treats Class Members Equitable Relative to Each Other ........................................................................................................13

E.    No Further Changes are Needed to the Class Definitions ..............................13

CONCLUSION..........................................................................................................................13

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

**CASES:**

*In re Domestic Airline Travel Antitrust Litig.*,
    378 F. Supp. 3d 10 (D.D.C. 2019) ........................................................................7

*Hoyte v. District of Columbia*,
    325 F.R.D. 485 (D.D.C. 2017) ...........................................................................8

*McKnight v. Erico Int'l Corp.*,
    655 F. Supp. 3d 645 (N.D. Ohio 2023) ..........................................................8, 10

*Moreno v. Beacon Roofing Supply, Inc.*,
    No. 19cv185-GPC(LL), 2020 WL 3960481 (S.D. Cal. July 13, 2020) ....................9

*Prince v. Aramark Corp.*,
    257 F. Supp. 3d 20 (D.D.C. 2017) .....................................................................10

*In re Vitamins Antitrust Litig.*,
    305 F. Supp. 2d 100 (D.D.C. 2004) ................................................................7, 12

**RULES:**

Fed. R. App. P. 12.1 .............................................................................................7

Fed. R. App. P. 62.1 .............................................................................................7

Fed. R. Civ. P. 23 .............................................................................................4, 8

Fed. R. Civ. P. 23(a)(4) .........................................................................................8

Fed. R. Civ. P. 23(b)(2) .....................................................................................2, 11

Fed. R. Civ. P. 23(c)(3) .......................................................................................13

Fed. R. Civ. P. 23(e) ............................................................................................7

Fed. R. Civ. P. 23(e)(2) ..................................................................................7, 8, 10

Fed. R. Civ. P. 23(e)(2)(A) ....................................................................................8

Fed. R. Civ. P. 23(e)(2)(C) ...................................................................................10

Fed. R. Civ. P. 23(e)(3) ...................................................................................11, 12

Fed. R. Civ. P. 23(g) ............................................................................................8

**<u>TABLE OF AUTHORITIES— Continued</u>**

**Page(s)**

Fed. R. Civ. P. 23(g)(1)(A)(i) ................................................................................9

Fed. R. Civ. P. 23(g)(1)(A)(ii) ...............................................................................9

Fed. R. Civ. P. 23(g)(1)(A)(iii) ..............................................................................9

Fed. R. Civ. P. 23(g)(1)(A)(iv) ..............................................................................9

## INTRODUCTION

Plaintiffs Kathryn Harris, Darroll Green, and James Stanley, individually and on behalf of a class of additional unnamed plaintiffs similarly situated, and Plaintiff Bread for the City (collectively, "Plaintiffs") brought this action because their Supplemental Nutrition Assistance Program ("SNAP") applications were not being timely processed and recertification notices were not timely sent.  After years of litigation, the parties entered into a Settlement Agreement and Release ("Settlement Agreement") with Defendant Laura Green Zeilinger, Director of the District of Columbia Department of Human Services (in her official capacity) to resolve Plaintiffs' claims on behalf of a certified class.  The Court granted preliminary approval of the Settlement Agreement and directed notice to the class.  The Court should grant final approval of the Settlement Agreement because it is fair, reasonable, and adequate.  Defendant consents to the Motion for Final Approval of Class Action Settlement.

## BACKGROUND

### I.    FACTUAL AND PROCEDURAL BACKGROUND

The District of Columbia Department of Human Services ("DHS") administers SNAP to eligible low-income individuals and families in the District of Columbia.  Amend. Compl., ECF No. 26 ¶ 15.  Plaintiffs and class members are individuals who allege that DHS did not timely process their initial or recertification applications for SNAP benefits or that DHS failed to timely send a recertification notice.  *Id.* ¶ 2.  To address these issues, in 2017, Plaintiffs brought this action alleging violations of the Food and Nutrition Act of 2008 and its implementing regulations along with violations of their due process rights.  *See* Compl., ECF No. 1 ¶ 1; Amend. Compl. ¶¶ 1, 171-73.  Plaintiffs also moved for class certification.  Mot. for Class Certification, ECF No. 2.

Plaintiffs later moved for a preliminary injunction, supported by dozens of exhibits and declarations depicting the issues with Defendant's administration of SNAP.  Mot. for Prelim. Inj., ECF No. 24.  After the parties were not able to settle the matter, the parties engaged in limited discovery.  *See, e.g.*, Pls.' Reply to Defs.' Opp'n to Mot. for Prelim. Inj., ECF No. 45.  After hearing oral argument on the motions for a preliminary injunction and for class certification in March 2018, Hr'g Tr., ECF No. 54 (Mar. 19, 2018), the Court granted Plaintiffs' Motion for Class Certification.  Mem. Op. & Order Granting Pls.' Mot. for Class Certification, ECF No. 56.  The Court certified three classes under Federal Rule of Civil Procedure 23(b)(2), *id.* at 19:

> **Class 1:** All District of Columbia residents since June 1, 2016: (1) who have applied, are applying, or will apply for SNAP benefits, through an initial application; and (2) who have had or will have the processing of such application delayed beyond the timeframes mandated by law;

> **Class 2:** All District of Columbia residents since June 1, 2016: (1) who have applied, are applying, or will apply for SNAP benefits, through a recertification application; and (2) who have had or will have the processing of such application delayed beyond the timeframes mandated by law;

> **Class 3:** All District of Columbia SNAP recipients since June 1, 2016: (1) who have been or will be required to submit a recertification application to maintain SNAP benefits; (2) as to whom the Defendant has failed or will fail to issue notice of the need to recertify; and (3) who have been or will be terminated from participation in SNAP due to Defendant's failure to issue such notice.[1]

In May 2018, the Court granted in part Plaintiffs' Motion for Preliminary Injunction.  Mem. Op. & Order Granting in Part and Denying in Part Pls.' Mot. for Prelim. Inj., ECF. No. 60.  The

---

[1] The Court has since modified the class definitions.  Mem. Op. Order Granting Pls.' Mot. for Prelim. Approval of Class Action Settlement, ECF No. 171 at 2-3.  Although the Court found that the Class "continues to be appropriate," it determined that the definition needed to be revised for purposes of the Settlement.  *Id.*  The Court found that the Class "should be narrowed to include only those individuals who applied for SNAP benefits or were required to submit a recertification application to maintain SNAP benefits on or before [August 24, 2023]."  *Id.*  Narrowing the Class in such a way ensured "that individuals who would only have become members of the Class after the date of this Order—and therefore likely would not be in a position to receive notice of the Settlement Agreement—are not members of the Class."  *Id.*

Court required Defendant to be in full compliance with all federal timing requirements for processing SNAP recertification applications within 18 months as well as to file monthly reports detailing Defendant's processing of all applications.  *See* Prelim. Inj. Order, ECF No. 74.  The Court then partially granted Defendant's motion to dismiss the complaint, dismissing one of three counts. Mem. Op. & Order Granting in Part and Denying in Part Defs.' Mot. Dismiss, ECF No. 75.

The parties conducted more than a year of discovery, which included numerous depositions, the production of thousands of pages of documents, and litigation of discovery disputes.  After the parties cross moved for summary judgment, the Court entered summary judgment in favor of Defendant in 2020.  Order Denying Pls.' Mot. for Summ. J. and Granting Defs.' Cross-Motion for Summ. J., ECF No. 156.  Plaintiffs' motion to alter or amend the Court's summary judgment decision was denied.  Mem. Op. & Order Denying Pls.' Mot. to Alter or Amend the J., ECF No. 162.

Plaintiffs appealed the Court's decisions on the summary judgement motion and motion to alter or amend the decision.  Notice of Appeal to D.C. Cir. Ct., ECF No. 163.  The United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") granted the parties' request to hold the appeal in abeyance while the parties sought a negotiated resolution.  *See Garnett v. Zeilinger*, No. 21-7068, Doc. 1914014 (D.C. Cir. Sept. 14, 2021).  After extensive, arms-length negotiations, the parties entered into a Settlement Agreement and Release to resolve this matter.

On August 17, 2023, Plaintiffs moved for preliminary approval of the Settlement Agreement.  Mem. in Supp. of Pls.' Mot. for Prelim. Approval of Class Action Settlement, ECF No. 169-1.[2]  Plaintiffs explained why the Settlement Agreement is fair, reasonable and adequate

---

[2] Because the parties reached an agreed resolution of this matter while the D.C. Circuit had jurisdiction due to the pending appeal, pursuant to Federal Rule of Appellate Procedure 62.1, the parties filed a joint motion for an indicative ruling from this Court regarding whether it would

for absent class members.  *Id.* at 9-14.  It further explained why no changes were needed to the certified classes in this matter in order to grant final approval, other than adding an end date to the class definitions.  *Id.* at 14-15.  Finally, Plaintiffs explained why the Notice of Proposed Class Action Settlement provided reasonable notice to absent class members.  *Id.* at 14-15.

The Court granted the motion for preliminary approval and directed that the parties provide notice to the class.  Order, ECF No. 171.  Following entry of the Order directing notice to the class, the parties proceeded to provide notice to class members.  Specifically, Defendant posted the Notice in English, Spanish, and Amharic in public waiting areas at its offices and service centers and on its website.  Ex. A, Decl. of Brian Campbell ("Campbell Decl.") ¶¶ 3-5.  Defendant provided Plaintiffs' counsel with a PDF of the Notice in English, Spanish, and Amharic, which Plaintiffs' counsel made available to members of the Class upon request.  *Id.* ¶ 3; Ex. B. Decl. of Jennifer Mezey ("Mezey Decl.") ¶ 2.  The Legal Aid Society of the District of Columbia ("Legal Aid") also published the Notice on its website.  Ex. B, Mezey Decl. ¶ 4 and Ex. 1 attached to Mezey Decl..[3]  The Notice was made available at relevant DHS offices and services centers, on the DHS website, and on the Legal Aid website and its office for a period of at least 45 days.  Ex. A, Campbell Decl. at ¶ 4-6; Ex. B, Mezey Decl. ¶¶ 4-5.

---

likely grant Plaintiffs' motion for preliminary approval.  ECF No. 166.  The Court granted the motion.  ECF No. 167.  Pursuant to Federal Rule of Appellate Procedure 12.1 and based upon the Court's indicative ruling, the parties requested that the record of this case be remanded to this Court for the limited purpose of determining whether to approve the Settlement Agreement.  The D.C. Circuit granted the parties' request.  ECF No. 168.

[3] The National Center for Law and Economic Justice, a legal aid organization based in New York City, inadvertently did not post Notice of the Settlement Agreement on its website.  Class Counsel regret the inadvertent omission.  Nevertheless, Class Counsel believe the notice provided to the class satisfies the requirements of Rule 23 because the Notice was posted in a large number of areas where class members were most likely to interact with the Notice, specifically DHS service centers and on the websites DHS and the D.C.-based Legal Aid.  Furthermore, the Notice was sent to more than 60 organizations serving D.C. residents, with a requests that the Notice be posted to those organizations' websites as well.

Finally, Plaintiffs' counsel e-mailed the Notice to more than 60 human services and legal aid organizations asking that they post the Notice on their websites, distribute the Notice to their clients, and notify their clients that DHS would provide audio interpretation of the Notice upon request. Ex. B, Mezey Decl. ¶¶ 6-9.

As a part of its Order preliminarily approving the Settlement, the Court provided that the deadline for class members to object to the proposed Settlement is January 5, 2024. *Id.* ¶ 6. To date, Plaintiffs are not aware of any class member objecting.

## II.    THE SETTLEMENT

The terms of the Settlement Agreement are described below. *See* Settlement Agreement, ECF No. 169-2.

### A.    Recitals (ECF No. 169-2 § 2)

The Settlement Agreement describes the history of the matter.

### B.    Actions Already Undertaken by Defendant (ECF No. 169-2 § 3)

The Settlement Agreement articulates the various initiatives that DHS has undertaken since Plaintiffs sued DHS. The initiatives are designed to help DHS timely process all SNAP applications and improve the administration of SNAP benefits more generally. Defendant also commits to consider in good faith any suggestions submitted by Plaintiffs, Plaintiffs' Counsel, or other interested individuals to improve the administration of SNAP benefits in the District.

### C.    Defendant's Agreement to Share Covered Correspondence (ECF No. 169-2 § 4)

Under the three-year term of the Settlement, DHS is required to provide Plaintiffs with copies of any formal, written, agency-to-agency correspondence between DHS and the federal Food and Nutrition Service ("FNS") relating to SNAP APT rates (a data metric used by the FNS

to assess compliance with the SNAP Act). *See* ECF No. 169-2 § (4)(A). DHS has agreed to provide copies of this correspondence on a monthly basis. *Id.* at § (4)(B).

### D. Notice (ECF No. 169-2 § 6)

The Settlement Agreement also describes the agreed Notice procedures. After Court approval, DHS was required to post the notice in English and Spanish, for forty-five days, in public client waiting areas of all open officers or service centers where applications for SNAP benefits are accepted. Likewise, DHS is required to publish the Notice on its website. The Legal Aid Society of the District of Columbia also published the Notice on its website and provided the Notice to more than 60 human services and legal aid organizations, requesting that those entities post the Notice on their websites and distribute it to their clients.

### E. Objection Procedures (ECF No. 169-2 § 7)

The Settlement defines the process for Class Members to object to the agreement.

### F. Release and Settlement of Claims (ECF No. 169-2 § 8)

#### i. Release (ECF No. 169-2 § (8)(A))

The Plaintiffs and Class Members release all claims against Defendant "which arose on or before the Preliminary Approval Date, as a result of, or growing out of, any injuries or damages alleged to have been incurred as a result of any of the facts alleged in the complaints filed in the Case and the briefs filed in support of Plaintiffs' motions for class certification and a preliminary injunction, whether or not such injuries or damages are contemplated at the present time."

#### ii. Dismissal (ECF No. 169-2 § (8)(B))

After the Court finally approves the Settlement, Plaintiffs will jointly move to vacate the District Court decisions under review and to dismiss the Appeal. Plaintiffs will dismiss the Appeal whether or not the District of Columbia Court of Appeals grants the vacatur request.

### iii. Attorneys' Fees, Costs, Disbursements and Expenses, and Damages (ECF No. 169-2 (8)(C))

The Parties have agreed that Defendant must pay to Plaintiffs' Counsel an amount approved by the Court up to $500,000.00. Furthermore, Defendant agreed to pay any such award via a check made payable to the Legal Aid Society of the District of Columbia within sixty days of the Effective Date.

### iv. Enforcement Provisions (ECF No. 169-2 § (8)(D))

If there is a material breach or specific performance is required during the terms of the Settlement and for 120 days thereafter, Plaintiffs can sue in the Superior Court for the District of Columbia.

### G. Term of the Agreement (ECF No. 169-2 § 9)

The Settlement is to remain in effect for three years.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 23(e), the claims of a certified class can be settled "only with the court's approval." Approval of a proposed settlement is within the discretion of the Court, but that discretion "is constrained by the principle of preference favoring and encouraging settlement in appropriate cases." *In re Domestic Airline Travel Antitrust Litig.*, 378 F. Supp. 3d 10, 16 (D.D.C. 2019) (quoting *In re Vitamins Antitrust Litig.*, 305 F. Supp. 2d 100, 103 (D.D.C. 2004)). "Class action settlements are favored as a matter of public policy in the District of Columbia Circuit." *Id.*

The proposed settlement may be approved by a court "only after a hearing and only on finding that it is fair, reasonable, and adequate" and after considering certain factors. Fed. R. Civ. P. 23(e)(2). To determine if the settlement is fair, reasonable, and adequate, courts consider whether "(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account [certain factors]; and (D) the proposal treats class members equitably relative to each other." *Id.*

## ARGUMENT

The Settlement here is fair, reasonable and adequate because it satisfies each of the four factors of Rule 23(e)(2). The factors are discussed in turn below.

### A. The Class Representatives and Class Counsel have Adequately Represented the Class

Rule 23(e)(2)(A) "is 'redundant of the requirements of Rule 23(a)(4) and Rule 23(g).'" *McKnight v. Erico Int'l Corp.*, 655 F. Supp. 3d 645, 662 (N.D. Ohio 2023) (quoting 4 *Newberg and Rubenstein on Class Actions* § 13:49 (6th ed.)). The Rule 23(a)(4) requirement of adequate representation "imposes two criteria on plaintiffs seeking to represent the class: '(1) the named representative must not have antagonistic or competing interests with the unnamed members of the class, and (2) the representative must appear able to vigorously prosecute the interests of the class through qualified counsel.'" *Hoyte v. District of Columbia*, 325 F.R.D. 485, 490 (D.D.C. 2017) (quoting *Twelve John Does v. District of Columbia*, 117 F.3d 571, 575 (D.C. Cir. 1997)). Rule 23(g) addresses the standards for adequacy of class counsel, including the work counsel has done in identifying or investigating potential claims, counsel's experience and knowledge, and the resources counsel are willing to commit to representing the class.

The Court previously recognized that the Class Representatives were adequate. Mem. Opinion & Order, ECF No. 56 at 15-16; *see also* Order, ECF No. 171 at 2 (considering all factors required under Rule 23, including adequacy, in preliminarily approving the Settlement Agreement). The Class Representatives continue to be adequate because they have shared interests that are not antagonistic with respect to the relief provided under the Settlement Agreement.

Specifically, all class members benefit from the transparency guaranteed by the Settlement Agreement.   Furthermore, all class members are aligned in benefitting from the District's compliance with the laws governing SNAP.

The Court has also previously recognized the experience and qualifications of class counsel at both the class certification and preliminary approval stages of this matter.  *See* Mem. Opinion & Order, ECF No. 56 at 15-16; Order, ECF No 171 at 2; *see generally Moreno v. Beacon Roofing Supply, Inc.*, No. 19cv185-GPC(LL), 2020 WL 3960481, at *3 (S.D. Cal. July 13, 2020) (where "there appears to be no changes [to class counsel or class representatives] since the preliminary approval order, [adequacy] continues to be satisfied").  The record confirms that an experienced group of class counsel worked diligently to bring the case to resolution.  *See e.g.*, Mem. of Law in Supp. of Pls.' Mot. for Class Cert. at 20, ECF No. 2-2 (discussing class counsel's qualifications); *see also* Pls.' Mot. for an Award of Atty's Fees and Costs at 14-16, ECF No. 172-2 (discussing same); *see generally* Fed. R. Civ. P. 23(g)(1)(A)(ii), (iii).

Class counsel have devoted many thousands of hours zealously advocating for Plaintiffs and the class over the past six years.  *See* Fed. R. Civ. P. 23(g)(1)(A)(iv) (resources counsel are willing to commit to representing the class).  Upon discovery that Plaintiffs and the class were facing challenges getting SNAP benefits that they were entitled to, class counsel brought this action.  ECF No. 1; *see* Fed. R. Civ. P. 23(g)(1)(A)(i) (work done in identifying or investigating potential claims).  Class counsel engaged in over years of motion practice and discovery, including zealously advocating at the summary judgment stage.  *See, e.g.*, ECF Nos. 24, 75, 156.  Following the court's decision at the summary judgment stage, Class Counsel appealed on behalf of the class.  ECF No. 163.  And despite the Court's decision at the summary judgment stage, Class Counsel were able to successfully negotiate a settlement that ensures Defendant is transparent in how it

administers its SNAP program, which in turn helps ensure Defendant's compliance with the relevant SNAP laws and regulations.  ECF No. 169-2.  Accordingly, class counsel continue to adequately represent the interests of the class.

**B. The Settlement was Negotiated at Arm's Length.**

The Rule 23(e)(2) factor "aims to root out . . . 'collusive settlements.'"  *McKnight*, 655 F. Supp. 3d at 662 (quoting 4 *Newberg and Rubenstein on Class Actions* § 13:50 (6th ed.)).  As it concluded in its order granting preliminary approval, the Court can easily conclude this was an arm's length settlement with no evidence of collusion.  Order, ECF No. 171 at 2 (finding the Settlement Agreement "is the result of good faith and arm's length negotiations").

The Parties had a bona fide dispute concerning the administration of D.C.'s SNAP program.  *See Prince v. Aramark Corp.*, 257 F. Supp. 3d 20, 24 (D.D.C. 2017) ("[T]he proposed settlement in this case appears to be the result of the arms-length negotiation of a *bona fide* dispute.").  That dispute led to years of extensive litigation, including multiple rounds of attempted negotiated resolution at different stages, culminating in extensive, substantive negotiations over a period of months when the parties were confronted with the risks of the appeal in this matter. Furthermore, the terms of the Settlement Agreement itself demonstrate that there is no collusion between the parties.  Given the extensive litigation, the length of the negotiations between experienced, capable counsel after meaningful discovery, the risks to the parties presented by the pending appeal, and the terms of the Settlement Agreement itself, the Court can again easily conclude that the Settlement Agreement was negotiated at arm's length without collusion.

**C. The Settlement was Adequate**

Under Rule 23(e)(2)(C), the Court must evaluate whether "the relief provided for the class is adequate, taking into account (i) the costs; risks, and delay of trial and appeal; (ii) the

effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3)."

Here, the Plaintiffs brought a class action under Rule 23(b)(2), seeking injunctive relief that would require Defendant to administer the SNAP program in accordance applicable laws and regulations.   ECF No. 26 at 31-32.   Plaintiffs requested that the Court preliminarily and permanently enjoin Defendant to: (1) "process SNAP applications, determine applicant households' eligibility, and issue SNAP benefits to eligible households within the mandated timeframes; (2) provide SNAP recipients the right to re-apply and complete the recertification applications process in time to receive benefits for the next certification period and determine eligibility and issue benefits within the mandated timeframes; and (3) provide written notice and opportunity to request a fair hearing to SNAP applicants . . . ." *Id.* at 32.

Over the course of the litigation, Defendant improved in its administration of the SNAP program with respect to its timely processing of SNAP applications and providing notice of fair hearing rights to members of the class.   The terms of the settlement provide the needed transparency to ensure that Defendant continues to appropriately administer that program, and that Class Counsel are made aware should Defendant falter in its obligations through receipt of relevant correspondence with government agencies and related reporting.   ECN No. 169-2 at 4-5.   Class Counsel also secured a commitment from Defendant that it would publicly post FNS-366B reports regarding timely processing of SNAP applications on its website, ensuring that the public, including absent class members, have access to this information without needing to resort to FOIA requests.   Furthermore, Defendant has committed to in good faith consider any suggestions submitted by Plaintiffs, Plaintiffs' Counsel, or other interested individuals to improve the

administration of SNAP benefits in the District.  ECF No. 169-2 § 3.  Given the limited nature of the injunctive relief sought by Plaintiffs, the relief provided for the class under the Settlement Agreement is clearly adequate.[4]

*Costs, risks, and delay of trial and appeal.*  The adequacy of the relief provided to the class under the Settlement Agreement is particularly evident given the procedural posture of this case. Plaintiffs reached a negotiated resolution with Defendant after the Court granted summary judgment to Defendant.  Plaintiffs have filed an appeal that they believe would ultimately be successful, but that any appeal presents clear risks to both parties.  By reaching a negotiated resolution, Plaintiffs have ensured they have visibility into the Defendant's timely processing of SNAP applications, addressing many of Plaintiffs' prospective concerns regarding their SNAP benefits.

*Effectiveness of distributing relief to the class.*  The injunctive relief provided under the Settlement Agreement applies to class members equally and is automatically distributed to all class members.

*The terms of any proposed award of attorney's fees.*  As detailed in Plaintiffs' Motion for Fees, filed concurrently with this motion, Plaintiffs seek, and Defendant has agreed to pay, a reasonable award of $500,000 in attorneys' fees and costs.  This amount is particularly reasonable given the more than seven years of work Class Counsel spent advancing the interests of the class and is a fraction of the fees actually incurred.

*Agreements required to be identified by Rule 23(e)(3).*  There are no agreements between the parties other than the Settlement Agreement.

---

[4] Plaintiffs also note that, while the deadline to submit written objections to the settlement is not until January 5, 2024, Plaintiffs are thus far not aware of any objection to the settlement.  Courts view the reaction of the class as an indication of the adequacy of the relief granted.  *In re Vitamins Antitrust Litig.*, 305 F. Supp. 2d at 105.

**D.  The Proposal Treats Class Members Equitable Relative to Each Other**

The terms of the Settlement Agreement are injunctive and apply class-wide, benefitting all class members by improving the transparency of Defendant's practices.

**E.  No Further Changes are Needed to the Class Definitions**

The Court can certify the Class for purposes of the proposed settlement. *See* Fed. R. Civ. P. 23(c)(3).  The Court has already considered whether any change is necessary in the certified class.  ECF No. 171 at 3.  The Court narrowed the Class "to include only those individuals who applied for SNAP benefits or were required to submit a recertification application to maintain SNAP benefits on or before the date of this Order, so that individuals who would only have become members of the Class after the date of this order — and therefore likely would not be in a position to receive notice of the Settlement Agreement — are not members of the Class." *Id.*  So, for purposes of the Classes are the following:

> **Class 1:** All District of Columbia residents since June 1, 2016 until August 24, 2023: (1) who have applied for SNAP benefits, through an initial application; and (2) who have had or will have the processing of such application delayed beyond the timeframes mandated by law;
>
> **Class 2:** All District of Columbia residents since June 1, 2016 until August 24, 2023: (1) who have applied SNAP benefits, through a recertification application; and (2) who have had or will have the processing of such application delayed beyond the timeframes mandated by law;
>
> **Class 3:** All District of Columbia SNAP recipients since June 1, 2016 until August 24, 2023: (1) who have been required to submit a recertification application to maintain SNAP benefits; (2) as to whom the Defendant has failed to issue notice of the need to recertify; and (3) who have been terminated from participation in SNAP due to Defendant's failure to issue such notice.

**CONCLUSION**

For the foregoing reasoning, Plaintiffs request that the Court finally approve the settlement.

Dated: December 14, 2023                    Respectfully Submitted,

                                            /s/ Chinh Q. Le
                                            CHINH Q. LE [1007037]
                                            JONATHAN H. LEVY [449274]
                                            Legal Aid Society of the
                                            District of Columbia
                                            1331 H Street NW, Suite 350
                                            Washington, D.C. 20005
                                            Tel: (202) 628-1161
                                            Fax: (202) 727-2132
                                            cle@legalaiddc.org

                                            BRIANA L. BLACK [989775]
                                            LANCE Y. MURASHIGE [1021562]
                                            Hogan Lovells US LLP
                                            555 Thirteenth Street, NW
                                            Washington, D.C. 20004-1109
                                            Tel: (202) 637-5600
                                            Fax: (202) 637-5910
                                            briana.black@hoganlovells.com

                                            KATHARINE DEABLER-MEADOWS
                                            (admitted *pro hac vice*)
                                            National Center for Law
                                            and Economic Justice
                                            50 Broadway, Suite 1500
                                            New York, NY 10004-3821
                                            212-633-6967 (Phone)
                                            212-633-6371 (Fax)
                                            deabler@nclej.org

                                            *Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 14, 2023, the foregoing was electronically filed through this Court's CM/ECF system.  All counsel of record are registered CM/ECF users, and service will be accomplished by the CM/ECF system.

Dated: December 14, 2023

<u>/s/ Chinh Q. Le</u>
Chinh Q. Le [1007037]
Legal Aid Society of the
District of Columbia
1331 H Street NW, Suite 350
Washington, D.C. 20005
Tel: (202) 628-1161
Fax: (202) 727-2132
cle@legalaiddc.org