UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BREAD FOR THE CITY, *et al*.,<br><br>       *Plaintiffs*,<br><br>v.<br><br>LAURA ZEILINGER,<br><br>       *Defendant*. | Civil Action No. 1:17-cv-1757-CRC |

## ORDER

  This matter came before the Court upon Plaintiffs' Motion for Final Approval of Class Action Settlement. In accordance with this Court's Preliminary Approval Order, ECF No. 171, and after Notice was provided to the class as specified in the Preliminary Approval Order, the Court held a Final Approval Hearing on January 18, 2024. After consideration of Plaintiffs' Motion for Final Approval together with its exhibits, and based upon the relevant papers and all prior proceedings in this matter, in the absence of any objection by Class Members to the proposed settlement, and for the reasons set forth on the record at the Fairness Hearing, the Court finds that there is good cause for the entry of this Final Order of Approval of Settlement and no just reasons for delay. The Court has determined the proposed Settlement satisfies the criteria of Federal Rule of Civil Procedure 23(e) such that the proposed Settlement is fair, reasonable, and adequate.

**IT IS HEREBY ORDERED THAT:**

  1. This Order (the "Final Approval Order") incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms shall have the same meanings set forth in the Settlement Agreement. The Settlement Agreement was preliminarily approved by the Court's Preliminary Approval Order, ECF No. 171, entered on August 24, 2023.

2. The terms of this Court's Preliminary Approval Order are incorporated by reference in this Order.

3. The Court has jurisdiction over the subject matter of the lawsuit, the Parties, and all members of the Class.

4. Class Counsel adequately represented the Class in this litigation and for the purpose of entering into and implementing the Settlement Agreement. Class Counsel has made reasonable efforts to consult with members of the class.

**Class Certified Under Federal Rules of Civil Procedure 23(b)(2)**

5. This Court has certified the Class with amended class definitions, in its Preliminary Order of Approval and Settlement. The classes have been certified under Fed. R. Civil. Proc. 23(b)(2).

**Settlement Agreement is Fair, Adequate, and Reasonable**

6. The Court hereby finds that the Settlement Agreement (including its exhibits and attachments) and the settlement contemplated thereby are the product of arm's length, good faith settlement negotiations between the Class Counsel and the Defendant.

7. The Settlement Agreement, ECF No. 169-2, and the settlement set forth herein are hereby approved and found to be fair, adequate, and reasonable, in the best interest of the Class as a whole, and in satisfaction of Rule 23 of the Federal Rules of Civil Procedure and due process requirements.

8. The Court hereby finds and concludes that class notice was disseminated to members of the Class substantially in accordance with the terms set forth in the Settlement Agreement and this Court's Preliminary Approval Order. The Court further finds and concludes that the notice satisfied Rule 23 of the Federal Rules of Civil Procedure and the requirements of

due process, was the best notice practicable under the circumstances, and supports the Court's exercise of jurisdiction over the Class as contemplated by the Settlement Agreement and this Order.

9. The Court hereby finally approves the Settlement Agreement and the settlement contemplated thereby, and finds that the terms constitute, in all respects, a fair, reasonable, and adequate settlement in accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs consummation of the settlement pursuant to the terms and conditions of the Settlement Agreement. The Court finds the injunctive relief terms of the settlement favorable to class members.

10. The fairness and adequacy of the settlement is reflected in the Class's lack of objection to the settlement. The potential Class Members were provided Notice.

**Notice**

11. As Required by the Court in its Preliminary Approval Order:

   a. Within 14 days after obtaining approval by the Court of the Notice, Defendant caused DHS to post the Notice in English, Spanish, and Amharic for at least forty-five days in public client waiting areas at all open offices or service centers where applications or recertification applications for SNAP benefits are accepted; published the Notice on its website for at least forty-five days in English, Spanish, and Amharic; and made audio interpretation available upon request

   b. With 14 days after obtaining approval by the Court of the Notice, Defendant provided Class Counsel with a PDF of the Notice in English, Spanish, and Amharic, which Plaintiffs' counsel offered to make available to members of the Class upon request.

    c. Within 14 days following receipt of the PDF and copies of the Notice, the Legal Aid Society of the District of Columbia for at least forty-five days did the following:

        i. Published the Notice on its website in English at https://www.legalaiddc.org. Legal Aid has a widget on its website that can translate the Notice into Spanish and Amharic.

        ii. Emailed the Notice to the disability rights and legal aid organizations identified in Exhibit 3 of the Settlement Agreement, ECF No. 169-2, through their respective listservs. It also provided Notice to organizational Plaintiff Bread for the City. It asked those entities to post the Notice, in English, Spanish, and Amharic on their websites; to distribute the Notice to their clients; and to notify their clients that DHS will provide audio interpretation of the Notice upon request.

12. The Notice given to the class is hereby determined to be in substantial compliance with both requirements of Rule 23 of the Federal Rules of Civil Procedure and due process. The Notice given is further found to be the best notice practicable under the circumstances and therefore, constitutes reasonable, due and sufficient notice to all parties.

13. Due and adequate notice of the proceedings having been given to the Classes and a full opportunity having been offered to the Classes to participate in the hearing, it is hereby determined that all Class Members are bound by this Final Order of Approval of Settlement.

**Class Counsel**

14. The Court finds Class Counsel adequately represented the class.

**Final Approval of Settlement**

15.     The Court incorporates herein by reference and ratifies its prior order preliminarily approving the settlement, ECF No. 171 ("Preliminary Approval Order").

16.     The Court finds that the parties substantially satisfied the notice provisions set forth in the Preliminary Approval Order and notice delivered to class members reasonable.

17.     The were no objections to the settlement.

18.     The Court finally approves the Settlement Class Definitions as follows:

    a. **Class 1:** All District of Columbia residents since June 1, 2016 until August 24, 2023: (1) who have applied for SNAP benefits, through an initial application; and (2) who have had or will have the processing of such application delayed beyond the timeframes mandated by law

    b. **Class 2:** All District of Columbia residents since June 1, 2016 until August 24, 2023: (1) who have applied SNAP benefits, through a recertification application; and (2) who have had or will have the processing of such application delayed beyond the timeframes mandated by law

    c. **Class 3:** All District of Columbia SNAP recipients since June 1, 2016 until August 24, 2023: (1) who have been required to submit a recertification application to maintain SNAP benefits; (2) as to whom the Defendant has failed to issue notice of the need to recertify; and (3) who have been terminated from participation in SNAP due to Defendant's failure to issue such notice.

IT IS SO ORDERED this day of <u>January 18, 2024</u>.

_____
THE HONORABLE CHRISTOPHER R. COOPER
Judge, United States District Court for the District of Columbia